UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEFFREY KOEPPEL, individually,

    Plaintiff,                                Case No. 6:15-cv-1800-Orl-40DAB

v.

THE DISTRICT BOARD OF TRUSTEES
OF VALENCIA COLLEGE, FLORIDA,
JOYCE C. ROMANO, in her individual
capacity, JOSEPH M. SARRUBBO, JR.,
in his individual capacity, and THOMAS
DECKER, in his individual capacity,

    Defendants.

_____/

**MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

The Plaintiff Jeffrey Koeppel ("Plaintiff" or "Mr. Koeppel"), by and through his undersigned attorneys, moves (1) pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and the Case Management and Scheduling Order entered by the Court on April 7, 2016 (the "Scheduling Order") [ECF 47] for leave to file a Third Amended Complaint in this action, in the form annexed hereto as Exhibit "1", and (2) in addition moves pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure for an extension of the May 11, 2016 deadline for amending pleadings contained in the Scheduling Order (the "Motion"). For the reasons set forth below, the Motion should be granted.

    1)    This action was commenced with the filing of a Complaint on or about October 23, 2015 [ECF 1], together with a Motion to Proceed Pseudonymously [ECF 2].

1

2) On or about November 9, 2015 the Court denied the Motion to Proceed Pseudonymously [ECF 7].

3) The Plaintiff thereafter filed an Amended Complaint containing his name [ECF 10].

4) On or about February 1, 2016 the Defendants submitted an Unopposed Motion for Enlargement of Time to Answer or Otherwise Respond to Plaintiff's First Amended Complaint [ECF 31]. That motion stated that Valencia College was improperly named in the Amended Complaint and that "Plaintiff's counsel is preparing a Second Amended Complaint, and defense counsel has consented to the filing thereof" and that the requested 45 day enlargement of time was "intended to allow sufficient time for the completion and filing of Plaintiff's Second Amended Complaint, as well as Defendants' response thereto." [ECF 31, at ¶ 2].

5) On February 3, 2016 the Court granted the motion, in part, and directed that the Plaintiff file any new complaint by February 8, 2016 and that the Defendants have 21 days thereafter to answer.

6) Given the truncated time allowed by the Court, the Plaintiff on February 8, 2016 filed a Second Amended Complaint, however it only corrected the Valencia College name [ECF 35].

7) After being granted a further extension of time to answer or respond to the Second Amended Complaint [ECF 37], the Defendants on March 10, 2016 filed an Omnibus Motion to Dismiss the Second Amended Complaint and for Summary Judgment (the "Omnibus Motion") [ECF 40]. This was the first substantive response submitted by the Defendants to the pleadings.

8) On March 23, 2016 the Plaintiff filed a Motion for Leave to File a Third Amended Complaint [ECF 42].

9) On April 6, 2016 the Court denied, without prejudice, the Motion for Leave to File a Third Amended Complaint. The Order issued by United States Magistrate Judge David A. Baker stated that "[t]he denial is, of course, without prejudice to the District Judge's consideration of whether further amendment should be allowed, in the context of his review of the pending motion to dismiss." [ECF 46, at 2].

10) The next day, the Court entered the Case Management and Scheduling Order (the "Scheduling Order") which, among other things, established May 11, 2016 as the deadline for Motions to Add Parties or to Amend Pleadings [ECF 47, at 1].

11) On May 5, 2016, Plaintiff conferenced in good faith to obtain Defendants' consent to seek leave to enlarge the amendment deadline contained in the Scheduling Order, given the pending Omnibus Motion. Defendants advised on May 9, 2016 that they oppose Plaintiff's request.

12) The Plaintiff now moves for leave from the Court to file a Third Amended Complaint in the form annexed hereto as Exhibit "1".

13) In addition, based upon the fact that the Omnibus Motion is still pending as to the Second Amended Complaint and the ruling upon that Omnibus Motion will be the first opportunity for the Court to evaluate the sufficiency of the pleadings thus far filed in this case, the Plaintiff seeks to amend the May 11, 2016 deadline contained in the Scheduling Order to add parties or to amend pleadings until thirty (30) days after the Court rules upon the Omnibus Motion, should such a further amendment of the pleadings be necessary in light of the ruling of the Court on the Omnibus Motion.

14) As shown below this Motion should be granted.

## MEMORANDUM OF LAW

**I. THE COURT SHOULD GRANT LEAVE TO FILE THE THIRD AMENDED COMPLAINT**

Motions to amend pleadings are governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. <u>The court should freely give leave when justice so requires.</u>" Fed. R. Civ. P. 15(a)(2) (emphasis added). According to the Eleventh Circuit, although "[t]he decision whether to grant leave to amend is committed to the sound discretion of the trial court . . . ' "[d]iscretion" may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend "shall be freely given when justice so requires."'" *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) (citations omitted) *see also Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) (same). In *Espey*, the Eleventh Circuit went on to state:

> This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.

734 F.2d at 750 (citation omitted). In this case, the Plaintiff and his counsel reviewed the allegations contained in the Second Amended Complaint, as well as the positions taken by the Defendants in the Omnibus Motion, and seek to file the Third Amended Complaint to clarify and streamline the issues for resolution in this case.

"The types of reasons that might justify denial of permission to amend a pleading include undue delay, bad faith or dilatory motive on the part of the movant, repeated

4

failures to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party." *Espey*, 734 F.2d at 750; *see also Bowers v. U.S. Parole Comm'n*, 760 F.3d 1177, 1185 (11th Cir. 2014) ("District courts have limited discretion in denying leave to amend '[u]nless there [are] substantial reason[s] to deny' it."). None of those factors which might justify denial of the Motion exist in this case.

There has been no undue delay in this case. Indeed, the Court has not even ruled upon the Omnibus Motion which is the first motion to address the merits of the claims asserted by the pleadings in this case. An Answer has not even been filed by the Defendants in this case.

There is no bad faith on the part of the Plaintiff because he is merely attempting to clarify the pleadings in this case with the Third Amended Complaint.

There have been no repeated failures to cure deficiencies by amendments previously allowed. This will be the first time that the Plaintiff has made any substantive changes to the claims he is asserting in this case. The first amendment was to add his name to the complaint, as opposed to proceeding pseudonymously as contained in the original complaint [ECF 10]. The second amendment was to correct the name of the Valencia College defendant [ECF 35].

Finally, there is no undue prejudice to the opposing parties. In this case justice requires such leave be granted because the motion is being filed in accordance with the deadline established by the Court for the filing of such motions, discovery is not scheduled to conclude until January 3, 2017 and the trial is not scheduled to take place until the trial term commencing on June 5, 2017 [ECF 47]. There is plenty of time for the

5

parties to address the claims contained in the Third Amended Complaint and the amendment will therefore not result in any undue prejudice.

Accordingly, for these reasons it would be appropriate for this Court to permit the filing of the Third Amended Complaint.

**II.     THE COURT SHOULD EXTEND THE DEADLINE FOR ADDING PARTIES OR AMENDING PLEADINGS UNTIL THIRTY (30) DAYS AFTER THE COURT RULES UPON THE OMNIBUS MOTION**

Motions to modify a deadline established by the Court as part of a scheduling order are governed by Rule 16 of the Federal Rules of Civil Procedure which provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Eleventh Circuit in *Sosa v. Airprint Systems, Inc.* stated that "[t]his good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension." 133 F.3d 1417, 1418 (11th Cir. 1998). In addition to its current proposed amendment (*see* Point I, *supra*), the Plaintiff would like to have the opportunity to propose a further amendment to the pleadings after the Court has the opportunity to review and rule upon the Omnibus Motion, should the Court raise some issues with the current pleadings. With the current deadline set forth in the Scheduling Order it would be impossible for the Plaintiff to review the Court's decision on the Omnibus Order and seek a further amendment prior to the current deadline of May 11, 2016. It is for this reason that the Plaintiff, in the abundance of caution, in addition to seeking leave to amend based on its current assessment of the pleadings, is also seeking an amendment of the deadline for amending pleadings and adding parties until thirty (30) days after the Court rules on the Omnibus Motion, so that any issues raised by the Court may be the subject of a further amendment, if necessary to

6

correct defects identified by the Court. This would be the first such opportunity after such a ruling by the Court.

The Plaintiff is aware that this Court has utilized the holding in *Sosa* to deny a motion for leave to file an amended complaint which was filed after the deadline established in a scheduling order. *See, e.g., Canal Indem. Co. v. Margaretville of NSB, Inc.*, 2014 WL 5341873, at 2 (M.D. Fla. Sep. 4, 2014) (Byron, J.). However, in the instant case, the Plaintiff is filing a motion for leave amend and proffering a Third Amended Complaint prior to the deadline previously established by this Court [ECF 47], however due to the fact that the Court has not yet ruled on the first substantive motion addressing the merits of the previously asserted claims in this case, the Plaintiff wants to have the ability to seek a further amendment of the pleadings after having the benefit of the Court's ruling on the Omnibus Motion. For this reason, the Plaintiff submits that good cause exists for the extension of this deadline in the Scheduling Order. As shown above, such an extension of the deadline will not result in any undue prejudice.

### III. CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court (1) grant leave to file the Third Amended Complaint; (2) grant an extension of the May 11, 2016 deadline contained in the Scheduling Order for adding parties and amending pleadings until thirty (30) days after the ruling on the Omnibus Motion; (3) grant such other and further relief as to this Court appears just and proper.

## **CERTIFICATION OF GOOD FAITH**

I hereby certify that pursuant to Rule 3.01(g) of the Local Rules of the United States District Court for the Middle District of Florida, counsel for the moving party conferred with counsel for the opposing parties in a good faith effort to resolve the issues raised in the Motion but were advised that the opposing parties do not consent to the relief requested in this Motion.

Respectfully submitted,

/s/ Seth P. Robert

Seth P. Robert
Florida Bar No. 145696
Connis O. Brown, III
Florida Bar No. 641960
Attorney for Plaintiff Jeffrey Koeppel
**BROWN ROBERT LLP**
150 North Federal Highway, Suite 200
Fort Lauderdale, FL 33301
Telephone: 954.832.9400
Facsimile: 954.832.9430
E-Mail: srobert@brownrobert.com
E-Mail: cbrown@brownrobert.com

and

Kimberly C. Lau, Esq. *(admitted pro hac vice)*
**WARSHAW BURSTEIN, LLP**
555 Fifth Avenue
New York, NY 10017-2456
Telephone: 212.984.7700
Facsimile: 212-972.9150
E-mail: klau@wbcsk.com

**Certificate of Service**

I hereby certify that on May 11, 2016 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which served a copy of the foregoing upon the following:

Richard E. Mitchell, Esq.
GRAY ROBINSON, P.A.
301 East Pine Street, Suite 1400
P.O. Box 3068
Orlando, FL 32801
Telephone: 407-843-8880
Facsimile: 407-244-5690
E-mail: rmitchell@gray-robinson.com
*Attorney for Defendants*

/s/ Seth P. Robert

---

Seth P. Robert
Florida Bar No. 145696
Connis O. Brown, III
Florida Bar No. 641960
Attorney for Plaintiff Jeffrey Koeppel
**BROWN ROBERT LLP**
150 North Federal Highway, Suite 200
Fort Lauderdale, FL 33301
Telephone: 954.832.9400
Facsimile: 954.832.9430
E-Mail: srobert@brownrobert.com
E-Mail: cbrown@brownrobert.com

and

Kimberly C. Lau, Esq. *(admitted pro hac vice)*
**WARSHAW BURSTEIN, LLP**
555 Fifth Avenue
New York, NY 10017-2456
Telephone: 212.984.7700
Facsimile: 212-972.9150
E-mail: klau@wbcsk.com

9