UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JEFFREY KOEPPEL, individually,**

    **Plaintiff,**

    vs.                                    Case No. 6:15-cv-1800-ORL-40DAB

**THE DISTRICT BOARD OF TRUSTEES OF VALENCIA COLLEGE, FLORIDA ("VALENCIA"); DR. JOYCE C. ROMANO; JOSEPH M. SARRUBBO, JR.; and THOMAS DECKER, (collectively "Valencia"),**

    **Defendants.**
_____/

**VALENCIA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Valencia respectfully requests this Honorable Court to render an Order denying Plaintiff's motion for leave to file a fourth version of his complaint (Doc. No. 63), and states in support that:

**I.    Plaintiff's Proposed Pleading Does Not Alter His Admitted Conduct**

Plaintiff admitted to engaging in his charged conduct in his initial conference with the College's Dean, (Doc. 40-1 at 14-15), disciplinary hearing, (id. at 5, ¶ 23), and written appeal to the College's Vice President of Student Affairs. (Doc. 40-4 at 22: "I do regret having sent the messages…. I believe that appropriate sanctions would involve a probation and warning.").

Plaintiff had two months to frame his proposed third amended complaint after receiving Defendants' pending dispositive motion on March 10, 2016. (Doc. 37). Other than seeking to "pile on" by adding Valencia's President, Dr. Sanford C. Shugart, as a

defendant—even though Dr. Shugart was not personally involved in Plaintiff's disciplinary hearing or appeal—and by adding a smattering of immaterial factual allegations that do not address the deficiencies raised in Defendants' pending dispositive motion, Plaintiff's fourth attempt at framing a viable a complaint mirrors his three previous iterations and asserts the same ten alleged claims.[1]  Rather than explaining <u>how</u> his proposed third amended complaint would overcome any portion of Defendants' pending dispositive motion, Plaintiff merely states that amendment is sought to "clarify and streamline the issues for resolution in this case." (Doc. 63 at 4).

In truth, any alleged "streamlining" is due to the omission of eight claims initially asserted in his second amended complaint, which Plaintiff has already abandoned as stated in his response to Defendants' dispositive motion. (Doc. 54 at 9-10). Nor does his proposed pleading provide any meaningful "clarification," as it in no way denies that he sent Jane Roe the text messages and pictures that she reported to the College. (Doc. 40-2 at 8-46). Instead, it admits that "Jane provided Dean Sarrubbo with screenshots of some of the text messages between Jane and Jeffrey from the evening of the incident," (Doc. 63-1 at ¶ 136), and that Plaintiff inspected her submissions prior to his disciplinary hearing. (*Id.* at ¶ 141).

---

[1] Specifically, Plaintiff's series of complaints have asserted the same procedural due process claims against the College and the individual defendants (counts one and two); substantive due process claims against the College and the individual defendants (counts three and four); a Title IX claim against the College (count five); free speech claims (facially and as applied) against the College (counts six and eight), free speech claims (facially and as applied) against the individual defendants (counts seven and nine); and declaratory judgment against the College (count eighteen (sec. amend. compl.), count ten (third amend. compl.)). (Doc. 35 at 52-90; Doc. 63-1 at 57-81).

Plaintiff's proposed additional allegations such as, "the majority of Jane's text messages did not contain time-stamps, were out-of-order, contained messages from different days, and were missing messages in between," (*id.* at ¶ 137), are simply immaterial because they do not change the fact that he sent Jane the communications that she reported to the College, and he offers no other communications between them that would excuse or justify his conduct "in context" or otherwise.

The material factual issue is whether or not he sent Jane the subject communications at all, and it remains undisputed (and indisputable) that he did, including text messages such as: (i) "Just sucks i didn't wear your pussy out"; (ii) "Believe me I've had plenty of sex with you even if you weren't present"; (iii) "Dress like a hooker and now act like it too"; (iv) "What u think i was thinkin bout when ur in them tiny whore shorts"; (v) "Your little butt cheeks hanging out Yum yum!!!!!"; and (vi) "Starbucks date – a 6.5 oz can of expresso and cream – despite the fact that it is not carbonated when opened it tends to eject some of its contents directly into ones face." (Doc. No. 40 at 3-6). During the midst of his six-hour barrage, he also sent Jane photographs of (i) a "Girl [he] used to know pretending to give a blow-job to a friend of her's," (ii) his bare chest and torso, and (iii) him wearing a costume and holding up a girl's leg. (Doc. 40 at 5; Doc. 40-1 at 15).

In light of his admitted conduct, Plaintiff has not and cannot "offer sufficient allegations to make a claim for relief plausible on its face." *Goncalves v. Chamberlin Raper*, 2016 WL 231211, at *5 (M.D. Fla. Jan. 15, 2016) (citations and marks removed). *See also, Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) (finding no abuse of discretion where District Court denied as futile plaintiff's motion for

leave to file second amended complaint); *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1320 (11th Cir. 1999) (affirming denial of leave to amend and stating that this "court has found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.") (citation omitted).

Furthermore, Plaintiff's motion should be denied as it is "nothing more than an effort to avoid an adverse summary judgment ruling[.]" *Local 472 of the United Ass'n of Journeymen v. Georgia Power Co.*, 684 F.2d 721, 724–25 (11th Cir. 1982). *See also, Wilson v. Am. Trans Air, Inc.*, 874 F.2d 386, 392 (7th Cir. 1989) ("An amendment is a 'futile gesture' if the amended pleading could not survive a motion for summary judgment."); *Moyer v. Walt Disney World Co.*, 146 F. Supp. 2d 1249, 1253 (M.D. Fla. 2000). For the reasons set forth in Defendants' pending dispositive motion and reply in support thereof (Doc. 40, 68), which are incorporated by reference, Defendants respectfully request the Court to deny Plaintiff's motion to amend as futile.

## II.  Plaintiff Cannot Fault the Court for His Litigation Strategy

Plaintiff argues that he made no substantive amendments in his second amended complaint "[g]iven the truncated time allowed by the Court" in granting Plaintiff leave to file it. (Doc. 63 at 2, ¶ 6). After Defendants were served with process, rather than filing a motion to dismiss based on a technical pleading deficiency, defense counsel informed Plaintiff's counsel that Valencia College was incorrectly named in his first amended complaint in contravention of the College's statutory legal title. In response, Plaintiff disclosed his intent to file a second amended complaint, and Defendants requested him to duly consider voluntarily dropping various asserted claims

and the individual Defendants. It was never stipulated or suggested that Plaintiff's amendment would be limited merely to correcting Valencia's legal name.

Based on that conferral, Defendants moved for additional time to respond to Plaintiff's first amended complaint, noting that "Plaintiff's counsel is preparing a Second Amended Complaint, and defense counsel has consented to the filing thereof." (Doc. 31 at 2, ¶ 2). The Court partially granted Defendants' motion by Order dated February 2, 2016, which directed Plaintiff "to file any new complaint" by February 8, 2016, among other things. (Doc. 32 at 1-2).

In light of this history, it was difficult to understand the representation in Plaintiff's prior motion to amend that "Plaintiff reasonably believed that the Court expected Plaintiff to merely designate the correct legal entity within 5 days, but that Plaintiff's right to any future amendment to the Complaint would need to be made by separate motion for leave to amend." (Doc. 42 at 3). In his instant motion, Plaintiff abandons that purported justification but now bemoans the "truncated time allowed by the Court" for his amendment. If Plaintiff truly needed more time to amend, then he could have moved for enlargement of time to do so—he did not. For Plaintiff to somehow fault the Court over his "truncated" time period is consistent with the blame-shifting mindset demonstrated in his response to Defendants' dispositive motion to the effect that Jane "got what she deserved" for provoking him, and his conduct should be excused because he helped her get a good grade. (*See* Doc. 56 at 2, 3, 12, 13, 16, 28; Doc. 56-1 at ¶ 4). Plaintiff cannot rely upon his chosen litigation strategy to justify the filing of a fourth version of his complaint.

### III.   No Good Cause for "Floating" Amendment Deadline

Plaintiff requests modification of the parties' amendment deadline to some date in the future that is thirty days after the Court renders an Order on Defendants' dispositive motion.  (Doc. 63 at 6-7).[2]  In support, Plaintiff states that "due to the fact that the Court has not yet ruled on the first substantive motion addressing the merits of the previously asserted claims in this case, the Plaintiff wants to have the ability to seek a further amendment of the pleadings after having the benefit of the Court's ruling on the Omnibus Motion."  (*Id.* at 7).

The Case Management and Scheduling Order plainly provides that:

> Motions for an extension of other deadlines established in this order, including motions for an extension of the discovery period, are disfavored.  The deadline will not be extended absent a showing of good cause. Fed. R. Civ. P. 16(b).  Failure to complete discovery within the time established by this Order shall not constitute good cause for continuance.  A motion to extend an established deadline normally will be denied if the motion fails to recite that: 1) the additional discovery is necessary for specified reasons; 2) all parties agree that the extension will not affect the dispositive motions deadline and trial date; 3) all parties agree that any discovery conducted after the dispositive motions date established in this Order will not be available for summary judgment purposes; and 4) no party will use the granting of the extension in support of a motion to extend another date or deadline. . . . (Doc. 47 at 6, § II(B)(2)).

Plaintiff's disfavored motion fails to include the four recitations specified in the CMSO, and his proffered justification of "want[ing] to have the ability to seek a further

---

[2] In the parties' Case Management Report, Plaintiff proposed an amendment deadline of May 22, 2016, and Defendant "propose[d] no further amendments based on the Court's Order of February 3, 2016 (Doc. 32), Defendants' pending dispositive motion (Doc. 40), and the doctrine of futility, *inter alia*."  (Doc. 41 at 1).  For the amendment deadline, the Case Management and Scheduling Order states, "Plaintiff's proposed date: May 11, 2016."  (Doc. 47 at 1).

amendment of the pleadings after having the benefit of the Court's ruling on the Omnibus Motion" does not constitute "good cause" as it is his counsels' independent duty to properly frame, present and certify that his claims: (i) are not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;  (ii) are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law; and (iii) are based on factual contentions with evidentiary support.  Fed. R. Civ. P. 11(b). Furthermore, depending on the timing of the Court's dispositive motion ruling, Plaintiff's requested "floating deadline" may affect the discovery and dispositive motions deadlines and trial date, thus warranting the denial of Plaintiff's requested relief.

### IV.    Conclusion

Plaintiff has already had "three bites at the apple" in trying to frame his alleged claims, and the proposed fourth version of his complaint does not alter his repeatedly admitted conduct or offer additional material factual allegations or plausible claims for relief.  *See Danny Lynn Elec. & Plumbing, LLC v. Veolia ES Solid Waste Se., Inc.*, 2011 WL 2893629, at *6 (M.D. Ala. July 19, 2011) ("While it is true that a court should give leave to amend when justice so requires, a court may also deny such a motion as futile. Here, the plaintiffs have already had three bites at the apple… The court does not see how, based on the allegations, the plaintiffs can state a RICO claim that will withstand scrutiny.  It would thus be futile to grant the plaintiffs leave to amend their complaint a fourth time.  Moreover, regardless as to issue of futility, the plaintiffs have been given many times to amend their complaint, and there comes a time when enough is enough. The plaintiffs' request to amend their complaint again is denied.") (citations and marks

removed). As stated by Justice Powell in his concurring opinion in the seminal case of *Regents of Univ. of Michigan v. Ewing*, 474 U.S. 214 (1985):

> I agree fully with the Court's emphasis on the respect and deference that courts should accord academic decisions made by the appropriate university authorities. In view of Ewing's academic record that the Court charitably characterizes as "unfortunate," this is a case that never should have been litigated. . . . Judicial review of academic decisions, including those with respect to the admission or dismissal of students, is rarely appropriate, particularly where orderly administrative procedures are followed—as in this case.

474 U.S. at 230, (Powell, J. concurring). Similarly here, in light of Plaintiff's admitted conduct and the orderly administrative procedures that were followed by the College, "this is a case that never should have been litigated," *id.*, and Plaintiff's effort to further drag out this case by forestalling the Court's dispositive motion ruling through another futile amendment should be rejected.

**WHEREFORE**, Defendants respectfully request this Honorable Court to render an Order denying Plaintiff's motion for leave to file a third amended complaint (Doc. 63).

Respectfully submitted this 31st day of May, 2016.

                    */s/ Richard E. Mitchell*
                    RICHARD E. MITCHELL, ESQ.
                    Florida Bar No.: 0168092
                    Richard.Mitchell@gray-robinson.com
                    GRAYROBINSON, P.A.
                    301 East Pine Street, Suite 1400
                    Post Office Box 3068 (32802-3068)
                    Orlando, Florida 32801
                    (407) 843-8880 Telephone
                    (407) 244-5690 Facsimile
                    *Lead Counsel for Defendants*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 31st day of May, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all registered users.

                                          ***/s/ Richard E. Mitchell***
                                          Richard E. Mitchell, Esq.