# EXHIBIT 7

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JEFFREY KOEPPEL, individually,

      Plaintiff,

      v.                                Case No. 15-cv-1800-Orl-40KRS

THE DISTRICT BOARD OF TRUSTEES OF
VALENCIA COLLEGE, FLORIDA, DR.
JOYCE C. ROMANO, in her individual capacity,
JOSEPH M. SARRUBBO JR., in his
individual capacity, THOMAS DECKER, in his
individual capacity, and DR. SANFORD C.
SHUGART, in his individual capacity,

      Defendants.

_____/

## JOINT PROPOSED JURY INSTRUCTIONS

Plaintiff Jeffrey Koeppel ("Plaintiff") and Defendants, The District Board of Trustees of

Valencia College, Dr. Joyce Romano ("Romano"), Joseph Sarrubbo, Jr. ("Sarrubbo"), Thomas

Decker ('Decker"), and Dr. Sanford Shugart ("Shugart") (collectively, "Defendants"), by and

through their undersigned counsel, submits the following joint proposed jury instructions.

The Parties anticipate that the defenses raised in the Answer (if ordered by the Court),

rulings on the Motion to Dismiss, Motion for Partial Summary Judgment, other pretrial motions,

evidence presented at trial and rulings made by the Court through the conclusion of trial will have

an impact on the issues to be considered by the jury. Accordingly, the Plaintiff reserves his right

to modify and/or supplement and/or amend these requested instructions.

{976032.1 }

Respectfully submitted,

/s/ Seth P. Robert
Seth P. Robert
Florida Bar No. 145696
**BROWN ROBERT LLP**
150 North Federal Highway, Suite 200
Fort Lauderdale, FL 33301
Tel: (954) 832-9400
Fax: (954) 832-9430
Email: srobert@brownrobert.com

/s/ Kimberly C. Lau
Kimberly C. Lau
**WARSHAW BURSTEIN, LLP**
555 Fifth Avenue
New York, NY 10017
Tel: (212) 984-7709
Fax: (212) 972-9150
Email:  klau@wbny.com
*Admitted Pro Hac Vice*
*Attorneys for Plaintiff Jeffrey Koeppel*

/s/ Richard E. Mitchell
Richard E. Mitchell
Florida Bar No.: 0168092
**GRAYROBINSON, P.A.**
301 East Pine Street, Suite 1400
Post Office Box 3068 (32802-3068)
Orlando, Florida 32801
Tel: (407) 843-8880
Fax: (407) 244-5690
Email: Richard.Mitchell@gray-robinson.com
*Attorneys for Defendants*

Joint Request No. 1

**<u>General Preliminary Instruction</u>**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply—and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence"— simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did—unless the witness agrees with it.

{976032.1 }

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence—this is also called "striking" evidence—and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- the witness's memory;
- the witness's manner while testifying;
- any interest the witness has in the outcome of the case;
- any bias or prejudice the witness may have;
- any other evidence that contradicts the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case.

To help you follow the evidence, I'll summarize the parties' positions.

It is the Plaintiff's position that Jeffrey Koeppel was a second-career student at Valencia College taking a summer course in Biology to meet his pre-requisite requirements to become a nurse. Valencia College is a public college. During the summertime, after his summer course had concluded, through text message, he expressed his romantic feelings to an adult woman ("Jane Roe"), who also happened to be a Valencia College student and Mr. Koeppel's study partner earlier that summer. This adult woman spurned Mr. Koeppel's affections in a hurtful manner. Mr. Koeppel was upset – as anyone would be under the circumstances. In a fit of anger, he sent a series of text messages to Jane Roe that were inappropriate and, in a few instances, contained

{976032.1 }

sexual references.  All this occurred within a single day. Mr. Koeppel alleges that Valencia's policies are overbroad and punish protected speech. During the disciplinary process, Mr. Koeppel alleges that Valencia exhibited gender bias against Mr. Koeppel. After Mr. Koeppel calmed down, he immediately regretted his actions and sent another text message to Jane Roe early the next morning, apologizing for his behavior.

Significantly, all these events occurred off-campus, when school was not in session, and had nothing to do with Valencia.  Rather, these were private communications between two adults. Nevertheless, Jane Roe filed a complaint against Mr. Koeppel with Valencia's security office. Valencia's own policies only gave it jurisdiction to take disciplinary action against students for off-campus conduct when that conduct "adversely affect[s] the College community."  Plaintiff's actions did not adversely affect the Valencia community.  However, the school brought charges against Plaintiff for "sexual harassment;" "stalking;" "physical abuse;" and "disorderly and lewd conduct," even though Plaintiff's conduct did not meet the definitions of those charges found in Valencia's student code of conduct. Ultimately, Valencia found Mr. Koeppel liable for all four charges and suspended him.

Mr. Koeppel commenced this action because he claims that the disciplinary action taken against him violated his due process rights under the United States Constitution, Title IX of the Education Amendments Act of 1972 and his free speech rights under the First Amendment to the United States Constitution.

It is the Defendants position that late one Sunday evening, Koeppel, a forty-two year old adult male at the time, expressed his romantic interest to a twenty-two year old female Valencia student, "Jane Roe," even though Jane had previously rejected his amorous advances.  When she did so again that evening, Koeppel reacted by unleashing on Jane a sustained barrage of lewd and threatening text messages and pictures on her including: "Just sucks i didn't wear your pussy out"; "Believe me I've had plenty of sex with you even if you weren't present"; and "What u think i was thinkin bout when ur in them tiny whore shorts." Jane repeatedly asked him to stop, and she enlisted the aid of a deputy sheriff, who warned Plaintiff to stop communicating with Jane. Undaunted and undeterred, Plaintiff pressed on until 4:00 a.m. the next morning by sending her additional filthy messages, such as: "Starbucks date – a 6.5 oz can of expresso and cream – despite the fact that it is not carbonated when opened it tends to eject some of its contents directly into ones face."

Fearing for her safety and well-being, Jane reported Plaintiff's conduct to Valencia's Safety and Security Department, and Valencia initiated a student disciplinary proceeding against Plaintiff. Consistent with Valencia's student code of conduct, Valencia gave Plaintiff written notice of the charges against him, allowed him to inspect the evidence submitted against him, allowed him to submit evidence in his defense, and afforded him three meaningful opportunities to explain his side of the story including (i) an in-person meeting with the Dean of Students, (ii) a formal hearing before a committee composed of four males and one female, and (iii) an administrative appeal to the Vice President for Student Affairs.

At all stages of the disciplinary proceeding, Plaintiff admitted to engaging in his charged conduct, but tried to excuse it in the purported "context" of his relationship with Jane.  The disciplinary

{976032.1 }

hearing committee members unanimously recommended that Plaintiff be found responsible on all charges, including (i) "physical abuse" by conduct threatening Jane Roe's health and safety; (ii) "sexual harassment" by making unwelcome sexual advances towards Jane and creating an intimidating, hostile, or offensive environment; (iii) "stalking behavior" by repeatedly engaging in a willful, malicious and repeated course of conduct which reasonably and seriously tormented Jane and served no legitimate purpose; and (iv) "lewd conduct" by sending communications to Jane that are sexual in an offensive or rude way. Dean Sarrubbo accepted the committee members' recommendation of responsibility, and imposed sanctions against him including a one-year suspension with the right to apply for readmission, mental health counseling, and a continuing "No Contact" order as to Jane and her father.

Based on his admitted conduct, Valencia suspended Plaintiff for one year, directed him to have no contact with Jane or her father, and required him to get professional mental health counseling. Subject to his compliance with the terms of his suspension, Valencia also granted Koeppel the right to apply for readmission at the conclusion of his term of suspension.

Koeppel never applied for readmission to Valencia. Instead, he applied to Seminole State College ("SSC") and was accepted into SSC's nursing program. Just two (2) years after Plaintiff's misconduct at issue here, SSC instituted a student disciplinary proceeding against Koeppel for based on his "Threats and Intimidation and Disruptive Student Behavior" directed to several female nursing faculty members. Rather than proceeding with SSC's disciplinary process, Koeppel agreed to withdraw from SSC and to not seek readmission for a period of two academic years. Thereafter, Koeppel was accepted into Daytona State College where he is presently pursuing a paralegal degree.

Koeppel's remaining claims in this case are for alleged violations of procedural (Count II) and substantive (Count IV) due process under Section 1983, an erroneous outcome claim under Title IX (Count V), and violations of the First Amendment both facially (Count VII) and as applied (Count IX).

Burden of proof:

The Plaintiff Jeffrey Koeppel has the burden of proving his case by what the law calls a "preponderance of the evidence." That means that the Plaintiff Jeffrey Koeppel must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring the Plaintiff and the evidence favoring each Defendant on opposite sides of balancing scales, the Plaintiff needs to make the scales tip to his side. If the Plaintiff fails to meet this burden, you must find in favor of the Defendant.

To decide whether any fact has been proved by a preponderance of the evidence, you may—unless I instruct you otherwise—consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," each Defendant has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts each Defendant must prove for any affirmative defense. After considering all the evidence, if you decide that a Defendant has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything—all the evidence, the lawyers' closing arguments, and my instructions on the law—before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair—no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiff will present his witnesses and ask them questions. After Plaintiff questions the witness, Defendants may ask the witness questions—this is called "cross examining" the witness. Then Defendants will present their witnesses, and Plaintiff may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.


**SOURCE:**     Eleventh Circuit Pattern Jury Instruction 1.1 (2013)



GRANTED          ___

DENIED           ___

MODIFIED         ___

WITHDRAWN        ___

{976032.1 }

Joint Request No. 2

## **Burden of Proof – Clear and Convincing Evidence**

Sometimes a party has the burden of proving a claim or defense by clear and convincing evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.

**SOURCE:**    Eleventh Circuit Pattern Jury Instruction 1.2 (2013)

GRANTED        ____

DENIED         ____

MODIFIED       ____

WITHDRAWN      ____

{976032.1 }

Joint Request No. 3

## Jury Questions

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**SOURCE:**    Eleventh Circuit Pattern Jury Instruction 1.4 (2013)

GRANTED          ____

DENIED           ____

MODIFIED         ____

WITHDRAWN        ____

{976032.1 }

Joint Request No. 4

## **Interim Statements**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**SOURCE:**     Eleventh Circuit Pattern Jury Instruction  1.5 (2013)


GRANTED         ___

DENIED          ___

MODIFIED        ___

WITHDRAWN       ___

{976032.1 }

Joint Request No. 5

## **Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**SOURCE:**    Eleventh Circuit Pattern Jury Instruction 2.1 (2013)

GRANTED          ___

DENIED           ___

MODIFIED         ___

WITHDRAWN        ___

{976032.1 }

Joint Request No. 6

## Use of Depositions

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [witness], taken on [date], [is about to be/has been] presented to you by reading the transcript. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.


**SOURCE:**   Eleventh Circuit Pattern Jury Instruction 2.2 (2013)


GRANTED          ___

DENIED           ___

MODIFIED         ___

WITHDRAWN        ___

{976032.1 }

Joint Request No. 7

### Interim Statements

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [Mr./Ms.] [name of attorney] is going to make a short statement. Please remember that the statement you are about to hear—like all statements by the lawyers—is [Mr./Ms.] [name of attorney]'s view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.

**SOURCE:**    Eleventh Circuit Pattern Jury Instruction 2.4 (2013)

GRANTED        ____

DENIED         ____

MODIFIED       ____

WITHDRAWN      ____

{976032.1 }

Joint Request No. 8

## **Judicial Notice**

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.


**SOURCE**:    Eleventh Circuit Pattern Jury Instruction 2.5 (2013)



GRANTED          ____

DENIED           ____

MODIFIED         ____

WITHDRAWN        ____

{976032.1 }

Joint Request No. 9

## Use of Interrogatories

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

**SOURCE**:   Eleventh Circuit Pattern Jury Instruction 2.6 (2013)

GRANTED        ____

DENIED         ____

MODIFIED       ____

WITHDRAWN      ____

{976032.1 }

Joint Request No. 10

## In-Trial Instructions on News Coverage

Reports about this trial [or about this incident] may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

**SOURCE**:    Eleventh Circuit Pattern Jury Instruction 2.7 (2013)

GRANTED        ___

DENIED          ___

MODIFIED       ___

WITHDRAWN   ___

{976032.1 }

Joint Request No. 11

## Civil *Allen* Charge

Members of the jury:

I'm going to ask you to continue your deliberations to reach a verdict. Please consider the following comments.

This is an important case. The trial has been expensive in terms of time, effort, money, and emotional strain to both the plaintiff and the defendant. If you fail to agree on a verdict, the case remains open and may have to be tried again. A second trial would be costly to both sides, and there's no reason to believe either side can try it again better or more exhaustively than they have tried it before you.

Any future jury would be selected in the same manner and from the same source as you. There's no reason to believe that the case could ever be submitted to a jury of people more conscientious, more impartial, or more competent to decide it—or that either side could produce more or clearer evidence.

It's your duty to consult with one another and to deliberate with a view to reaching an agreement—if you can do it without violating your individual judgment. You must not give up your honest beliefs about the evidence's weight or effect solely because of other jurors' opinions or just to return a verdict. You must each decide the case for yourself—but only after you consider the evidence with your fellow jurors.

You shouldn't hesitate to reexamine your own views and change your opinion if you become convinced it's wrong. To bring your minds to a unanimous result, you must openly and frankly examine the questions submitted to you with proper regard for the opinions of others and with a willingness to reexamine your own views.

If a substantial majority of you is for a verdict for one party, each of you who holds a different position ought to consider whether your position is reasonable. It may not be reasonable since it makes so little impression on the minds of your fellow jurors—who bear the same responsibility, serve under the same oath, and have heard the same evidence.

You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and reconsider all the evidence in light of the court's instructions on the law. You may take all the time that you need.

I remind you that in your deliberations, you are to consider the court's instructions as a whole. You shouldn't single out any part of any instructions, including this one, and ignore others.
You may now return to the jury room and continue your deliberations.

{976032.1 }

**SOURCE**:     Eleventh Circuit Pattern Jury Instruction 2.8 (2013)


GRANTED          ___

DENIED           ___

MODIFIED         ___

WITHDRAWN        ___

{976032.1 }

Joint Request No. 12

### **Conduct of Counsel**

It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the Court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the Court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

**SOURCE:**    *See* Hon. Leonard B. Sand et al., *Modern Federal Jury Instructions*, Instruction 71-

6.

GRANTED          ___

DENIED           ___

MODIFIED         ___

WITHDRAWN        ___

{976032.1 }

Joint Request No. 13

## Introduction – After Trial

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

**SOURCE:**    Eleventh Circuit Pattern Jury Instruction 3.1 (2013)

GRANTED        ____

DENIED         ____

MODIFIED       ____

WITHDRAWN      ____

{976032.1 }

Joint Request No. 14

### The Duty to Follow Instructions—Government Entity or Agency Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the governmental agency.

**SOURCE:**    Eleventh Circuit Pattern Jury Instruction 3.2.3 (2013)

GRANTED        ___

DENIED         ___

MODIFIED       ___

WITHDRAWN      ___

{976032.1 }

Joint Request No. 15

## **Consideration of Direct and Circumstantial Evidence;**
## **Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**SOURCE:**    Eleventh Circuit Pattern Jury Instruction 3.3 (2013)

GRANTED          ____

DENIED           ____

MODIFIED         ____

WITHDRAWN        ____

{976032.1 }

Joint Request No. 16

**<u>Credibility of Witnesses</u>**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
- Did the witness appear to understand the questions clearly and answer them directly?
- Did the witness's testimony differ from other testimony or other evidence?

**SOURCE:**    Eleventh Circuit Pattern Jury Instruction 3.4 (2013)

GRANTED        ____

DENIED         ____

MODIFIED       ____

WITHDRAWN      ____

{976032.1 }

Joint Request No. 17

## **Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**SOURCE:**    Eleventh Circuit Pattern Jury Instruction 3.5.1 (2013)

GRANTED        ____

DENIED         ____

MODIFIED       ____

WITHDRAWN      ____

{976032.1 }

Joint Request No. 18


**<ins>Responsibility for Proof—Plaintiff's Claims – Preponderance of the Evidence</ins>**

In this case, it is the responsibility of the Plaintiff to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendants as to that claim.


**SOURCE:**     Eleventh Circuit Pattern Jury Instruction 3.7.1 (2013)



GRANTED             ____

DENIED              ____

MODIFIED            ____

WITHDRAWN           ____

{976032.1 }

Joint Request No. 19

**<u>Responsibility for Proof – Affirmative Defense Preponderance of the Evidence</u>**

In this case, the Defendants have each asserted the affirmative defenses of _____[1]. Even if the Plaintiff provides its claim by a preponderance of the evidence, each Defendant can prevail in this case if it provides an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that the Defendants do not have to disprove the Plaintiff's claim, but if the Defendants raise an affirmative defense, the only way that they can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

**SOURCE:**    Eleventh Circuit Pattern Jury Instruction 3.7.2 (2013)

GRANTED        ____

DENIED         ____

MODIFIED       ____

WITHDRAWN      ____

---

[1] Defendants have not yet asserted affirmative defenses in this case insofar as Defendants' Motion to Dismiss Third Amended Complaint for Violation of Court's Order Dated September 16, 2016 and Alternative Motion for Final Summary Judgment has been *sub judice* since 10/24/2016 [Dkt. 79].

{976032.1 }

Joint Request No. 20

## **<u>Duty to Deliberate When Only the Plaintiff Claims Damages</u>**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges— judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**SOURCE:**    Eleventh Circuit Pattern Jury Instruction 3.8.1 (2013)

GRANTED    ____

DENIED    ____

MODIFIED    ____

WITHDRAWN    ____

{976032.1 }

Joint Request No. 21

## **Election of Foreperson Explanation of Verdict Form**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**SOURCE:**    Eleventh Circuit Pattern Jury Instruction 3.9 (2013)

GRANTED            ____

DENIED             ____

MODIFIED           ____

WITHDRAWN          ____

{976032.1 }