# EXHIBIT 8

Plaintiff's Request No. 1

### Violation of Procedural Due Process Rights Pursuant To 42 U.S.C. § 1983
### (Shugart, Sarrubbo, Decker & Romano)

The notice of a hearing should contain a statement of the specific charges and grounds which, if proven, would justify suspension under the regulations of Valencia.

**SOURCE:**   *Dixon v. Alabama State Bd. of Ed.*, 294 F.2d 150, 158–59 (5th Cir. 1961).

**OBJECTION**: Defendants object to this Joint Request as argumentative, confusing, misleading and misstating the appropriate law. Defendants further contend that Joint Request Nos. 22 through 25 should be contained into one Violation of Procedural Due Process Rights instruction, in the form and substance proposed by Defendants. *See*   Eleventh Circuit Pattern Jury Instruction 5.1, 5.8(a) and App'x B (all modified); *Univ. of Mo. v. Horowitz*, 435 U.S. 78, 85 (1978); *Goss v. Lopez*, 419 U.S. 565, 582 (1975); *Dixon v. Alabama State Bd. of Ed.*, 294 F.2d 150, 158–59 (5th Cir. 1961); *Nash v. Auburn Univ.*, 812 F.2d 655, 660 (11th Cir. 1987); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013); *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1242 (10th Cir. 2001); *Keough v. Tate Cty. Bd. of Ed.*, 748 F.2d 1077, 1083 (5th Cir. 1984); *Boster v. Philpot*, 645 F.Supp. 798, 804 (D. Kan. 1986)

GRANTED          ____

DENIED           ____

MODIFIED         ____

WITHDRAWN        ____

Plaintiff's Request No. 2

## Violation of Procedural Due Process Rights – Fairness and Secrecy

Fairness can rarely be obtained by secret, one-sided determination of facts decisive of rights. Secrecy is not congenial to truth-seeking and self-righteousness gives too slender an assurance of rightness.

**SOURCE:**   *Goss v. Lopez*, 419 U.S. 565, 580 (1975) (quoting *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 172-73 (1951).

**OBJECTION**: Defendants object to this Joint Request as argumentative, confusing, misleading and misstating the appropriate law. Defendants further contend that Joint Request Nos. 22 through 25 should be contained into one Violation of Procedural Due Process Rights instruction, in the form and substance proposed by Defendants. *See*   Eleventh Circuit Pattern Jury Instruction 5.1, 5.8(a) and App'x B (all modified); *Univ. of Mo. v. Horowitz*, 435 U.S. 78, 85 (1978); *Goss v. Lopez*, 419 U.S. 565, 582 (1975); *Dixon v. Alabama State Bd. of Ed.*, 294 F.2d 150, 158–59 (5th Cir. 1961); *Nash v. Auburn Univ.*, 812 F.2d 655, 660 (11th Cir. 1987); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013); *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1242 (10th Cir. 2001); *Keough v. Tate Cty. Bd. of Ed.*, 748 F.2d 1077, 1083 (5th Cir. 1984); *Boster v. Philpot*, 645 F.Supp. 798, 804 (D. Kan. 1986)

GRANTED          ___

DENIED           ___

MODIFIED         ___

WITHDRAWN        ___

Plaintiff's Request No. 3

### **Violation of Procedural Due Process Rights – Unfair Hearing**

An unfair or impartial hearing can also be deduced from factors, such as the absence of eyewitnesses at the Hearing, the hostile tone of the Hearing, and the imbalanced questioning of the Plaintiff and other persons.

**SOURCE:**   *Furey v. Temple Univ.*, 884 F.Supp.2d 223, 258 (E.D. Pa. 2012).

**OBJECTION**:  Defendants object to this Joint Request as argumentative, confusing, misleading and misstating the appropriate law.  Defendants further contend that Joint Request Nos. 22 through 25 should be contained into one Violation of Procedural Due Process Rights instruction, in the form and substance proposed by Defendants.  *See*   Eleventh Circuit Pattern Jury Instruction 5.1, 5.8(a) and App'x B (all modified); *Univ. of Mo. v. Horowitz*, 435 U.S. 78, 85 (1978); *Goss v. Lopez*, 419 U.S. 565, 582 (1975); *Dixon v. Alabama State Bd. of Ed.*, 294 F.2d 150, 158–59 (5th Cir. 1961); *Nash v. Auburn Univ.*, 812 F.2d 655, 660 (11th Cir. 1987); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013); *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1242 (10th Cir. 2001); *Keough v. Tate Cty. Bd. of Ed.*, 748 F.2d 1077, 1083 (5th Cir. 1984); *Boster v. Philpot*, 645 F.Supp. 798, 804 (D. Kan. 1986)

GRANTED ___

DENIED ___

MODIFIED ___

WITHDRAWN ___

Plaintiff's Request No. 4

### <u>Violation of Procedural Due Process Rights – Ex Parte Communications</u>

It is improper and a violation of due process for decision makers to base decisions on *ex parte* communications with witnesses, particularly where those witnesses do not attend the hearing.

**SOURCE:**    *Furey*, 884 F. Supp. 2d at 258.

**OBJECTION**: Defendants object to this Joint Request as argumentative, confusing, misleading and misstating the appropriate law.  Defendants further contend that Joint Request Nos. 22 through 25 should be contained into one Violation of Procedural Due Process Rights instruction, in the form and substance proposed by Defendants.  *See*    Eleventh Circuit Pattern Jury Instruction 5.1, 5.8(a) and App'x B (all modified); *Univ. of Mo. v. Horowitz*, 435 U.S. 78, 85 (1978); *Goss v. Lopez*, 419 U.S. 565, 582 (1975); *Dixon v. Alabama State Bd. of Ed.*, 294 F.2d 150, 158–59 (5th Cir. 1961); *Nash v. Auburn Univ.*, 812 F.2d 655, 660 (11th Cir. 1987); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013); *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1242 (10th Cir. 2001); *Keough v. Tate Cty. Bd. of Ed.*, 748 F.2d 1077, 1083 (5th Cir. 1984); *Boster v. Philpot*, 645 F.Supp. 798, 804 (D. Kan. 1986)


GRANTED            ____

DENIED             ____

MODIFIED           ____

WITHDRAWN          ____

Plaintiff's Request No. 5

## Violation of Substantive Due Process Rights Pursuant To 42 U.S.C. § 1983
### (Shugart, Sarrubbo, Decker & Romano)

The Plaintiff must demonstrate that the disciplinary action taken against him was arbitrary and capricious or was motivated by bad faith or ill will unrelated to his academic performance.

**SOURCE:**    *Hamil v. Vertrees*, 2001 WL 135716, at *8 (M.D. Ala. Jan. 10, 2001).

**OBJECTION**: Defendants object to this Joint Request as argumentative, confusing, misleading and misstating the appropriate law. Defendants further contend that Joint Request Nos. 26 through 32 should be contained into one Violation of Substantive Due Process Rights instruction, in the form and substance proposed by Defendants. *See* Eleventh Circuit Pattern Jury Instructions 5.8(a) and App'x B (both modified); *Regents of Univ. of Michigan v. Ewing*, 474 U.S. 214, 223 (1985); *Haberle v. Univ. of Alabama in Birmingham*, 803 F.2d 1536, 1540 (11th Cir. 1986); *Hamil v. Vertrees*, 2001 WL 135716, at *7 (M.D. Ala. Jan. 10, 2001); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013): *Bd. of Trs. of Internal Imp. Trust Fund v. Levy*, 656 So. 2d 1359, 1362 (Fla. 1st DCA 1995). *Dravo Basic Materials Co., Inc. v. State, Dept. of Transp.*, 602 So. 2d 632, 634 n.3 (Fla. 2d DCA 1992); *Golfcrest Nursing Home v. State, Agency for Health Care Admin.*, 662 So. 2d 1330, 1333 (Fla. 1st DCA 1995); *F.U.S.A., FTP-NEA v. Hillsborough Cmty. Coll.*, 440 So. 2d 593, 596 (Fla. 1st DCA 1983).

GRANTED            ___

DENIED             ___

MODIFIED           ___

WITHDRAWN          ___

Plaintiff's Request No. 6

## Violation of Substantive Due Process Rights - Expulsion

The Due Process Clause is applicable to decisions made by tax-supported educational institutions to remove a student from the institution long enough for the removal to be classified as an expulsion.

**SOURCE:**    *See Barnes v. Zaccari*, 669 F.3d 1295, 1304-05 (11th Cir. 2012); *see also Goss*, 419 U.S. at 574 n.8

**OBJECTION**: Defendants object to this Joint Request as argumentative, confusing, misleading and misstating the appropriate law. Defendants further contend that Joint Request Nos. 26 through 32 should be contained into one Violation of Substantive Due Process Rights instruction, in the form and substance proposed by Defendants. *See*    Eleventh Circuit Pattern Jury Instructions 5.8(a) and App'x B (both modified); *Regents of Univ. of Michigan v. Ewing*, 474 U.S. 214, 223 (1985); *Haberle v. Univ. of Alabama in Birmingham*, 803 F.2d 1536, 1540 (11th Cir. 1986); *Hamil v. Vertrees*, 2001 WL 135716, at *7 (M.D. Ala. Jan. 10, 2001); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013): *Bd. of Trs. of Internal Imp. Trust Fund v. Levy*, 656 So. 2d 1359, 1362 (Fla. 1st DCA 1995). *Dravo Basic Materials Co., Inc. v. State, Dept. of Transp.*, 602 So. 2d 632, 634 n.3 (Fla. 2d DCA 1992); *Golfcrest Nursing Home v. State, Agency for Health Care Admin.*, 662 So. 2d 1330, 1333 (Fla. 1st DCA 1995); *F.U.S.A., FTP-NEA v. Hillsborough Cmty. Coll.*, 440 So. 2d 593, 596 (Fla. 1st DCA 1983).

GRANTED        ___

DENIED        ___

MODIFIED        ___

WITHDRAWN        ___

Plaintiff's Request No. 7

## <u>Violation of Substantive Due Process Rights – Board of Governors</u>

The Florida Constitution vests control of public colleges and universities in the Florida Board of Governors.

**SOURCE:**    Florida Constitution, Art. IX, § 7(c).


**OBJECTION**: Defendants object to this Joint Request as argumentative, confusing, misleading and misstating the appropriate law. Defendants further contend that Joint Request Nos. 26 through 32 should be contained into one Violation of Substantive Due Process Rights instruction, in the form and substance proposed by Defendants. *See* Eleventh Circuit Pattern Jury Instructions 5.8(a) and App'x B (both modified); *Regents of Univ. of Michigan v. Ewing*, 474 U.S. 214, 223 (1985); *Haberle v. Univ. of Alabama in Birmingham*, 803 F.2d 1536, 1540 (11th Cir. 1986); *Hamil v. Vertrees*, 2001 WL 135716, at *7 (M.D. Ala. Jan. 10, 2001); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013): *Bd. of Trs. of Internal Imp. Trust Fund v. Levy*, 656 So. 2d 1359, 1362 (Fla. 1st DCA 1995). *Dravo Basic Materials Co., Inc. v. State, Dept. of Transp.*, 602 So. 2d 632, 634 n.3 (Fla. 2d DCA 1992); *Golfcrest Nursing Home v. State, Agency for Health Care Admin.*, 662 So. 2d 1330, 1333 (Fla. 1st DCA 1995); *F.U.S.A., FTP-NEA v. Hillsborough Cmty. Coll.*, 440 So. 2d 593, 596 (Fla. 1st DCA 1983); Fla. Const., Art. IX, § 7; Fla. Board of Governors Regulation 1.001; Fla. Stat. §§ 1001.65, 1001.21(3)(bb).


GRANTED          ___

DENIED           ___

MODIFIED         ___

WITHDRAWN        ___

Plaintiff's Request No. 8

## **Violation of Substantive Due Process Rights – Adoption Of Rules**

The Board of Governors requires that the board of trustees of each Florida public college and university "adopt university regulations or policies, as appropriate, in areas including, but not limited to: . . . uniform student code of conduct and related penalties." This authorizes schools like Valencia to establish rules of student conduct and penalties for violations of those rules. Nothing authorizes the imposition of penalties without a prior violation of conduct rules. Therefore, any penalty, necessarily, must be for cause.

**SOURCE:**    Board of Governors Regulation 1.001(4)(a)(10); *Barnes*, 668 F.3d at 1304.

**OBJECTION**: Defendants object to this Joint Request as argumentative, confusing, misleading and misstating the appropriate law. Defendants further contend that Joint Request Nos. 26 through 32 should be contained into one Violation of Substantive Due Process Rights instruction, in the form and substance proposed by Defendants. *See* Eleventh Circuit Pattern Jury Instructions 5.8(a) and App'x B (both modified); *Regents of Univ. of Michigan v. Ewing*, 474 U.S. 214, 223 (1985); *Haberle v. Univ. of Alabama in Birmingham*, 803 F.2d 1536, 1540 (11th Cir. 1986); *Hamil v. Vertrees*, 2001 WL 135716, at *7 (M.D. Ala. Jan. 10, 2001); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013): *Bd. of Trs. of Internal Imp. Trust Fund v. Levy*, 656 So. 2d 1359, 1362 (Fla. 1st DCA 1995). *Dravo Basic Materials Co., Inc. v. State, Dept. of Transp.*, 602 So. 2d 632, 634 n.3 (Fla. 2d DCA 1992); *Golfcrest Nursing Home v. State, Agency for Health Care Admin.*, 662 So. 2d 1330, 1333 (Fla. 1st DCA 1995); *F.U.S.A., FTP-NEA v. Hillsborough Cmty. Coll.*, 440 So. 2d 593, 596 (Fla. 1st DCA 1983); Fla. Const., Art. IX, § 7; Fla. Board of Governors Regulation 1.001; Fla. Stat. §§ 1001.65, 1001.21(3)(bb).

.

GRANTED        ___

DENIED          ___

MODIFIED      ___

WITHDRAWN   ___

Plaintiff's Request No. 9

**Violation of Substantive Due Process Rights – Entitlement To Continued Enrollment**

Barring a violation of a rule of student conduct, a "student has a legitimate claim of entitlement to continued enrollment" at a Florida state school.

**SOURCE:**    *Barnes*, 668 F.3d at 1305.[1]

**OBJECTION**: Defendants object to this Joint Request as argumentative, confusing, misleading and misstating the appropriate law. Defendants further contend that Joint Request Nos. 26 through 32 should be contained into one Violation of Substantive Due Process Rights instruction, in the form and substance proposed by Defendants. *See*    Eleventh Circuit Pattern Jury Instructions 5.8(a) and App'x B (both modified); *Regents of Univ. of Michigan v. Ewing*, 474 U.S. 214, 223 (1985); *Haberle v. Univ. of Alabama in Birmingham*, 803 F.2d 1536, 1540 (11th Cir. 1986); *Hamil v. Vertrees*, 2001 WL 135716, at *7 (M.D. Ala. Jan. 10, 2001); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013): *Bd. of Trs. of Internal Imp. Trust Fund v. Levy*, 656 So. 2d 1359, 1362 (Fla. 1st DCA 1995). *Dravo Basic Materials Co., Inc. v. State, Dept. of Transp.*, 602 So. 2d 632, 634 n.3 (Fla. 2d DCA 1992); *Golfcrest Nursing Home v. State, Agency for Health Care Admin.*, 662 So. 2d 1330, 1333 (Fla. 1st DCA 1995); *F.U.S.A., FTP-NEA v. Hillsborough Cmty. Coll.*, 440 So. 2d 593, 596 (Fla. 1st DCA 1983).

GRANTED            ____

DENIED            ____

MODIFIED            ____

WITHDRAWN            ____

---

[1]    Defendants attempt to argue that due process does not attach to any right established under Florida or Valencia rules because they do not explicitly contain the words "for cause." However, it is clear that students may only be punished for violations of rules. It is doubtful that Defendants are asserting that Valencia can suspend students for no reason. *Barnes* also makes clear that the actual words "for cause" are unnecessary. 668 F.3d at 1303.

Plaintiff's Request No. 10

**Violation of Substantive Due Process Rights – Property Right/Continued Enrollment**

No tenet of constitutional law is more clearly established than the rule that a property interest in continued enrollment in a state school is an important entitlement protected by the Due Process Clause of the Fourteenth Amendment. Under the Due Process Clause, at a minimum, Plaintiff was entitled to notice of the alleged violations and the grounds on which they are based, as well as a fair and impartial hearing.

**SOURCE:**    *Barnes*, 668 F.3d at 1305.

**OBJECTION**: Defendants object to this Joint Request as argumentative, confusing, misleading and misstating the appropriate law.  Defendants further contend that Joint Request Nos. 26 through 32 should be contained into one Violation of Substantive Due Process Rights instruction, in the form and substance proposed by Defendants.  *See*   Eleventh Circuit Pattern Jury Instructions 5.8(a) and App'x B (both modified); *Regents of Univ. of Michigan v. Ewing*, 474 U.S. 214, 223 (1985); *Haberle v. Univ. of Alabama in Birmingham*, 803 F.2d 1536, 1540 (11th Cir. 1986); *Hamil v. Vertrees*, 2001 WL 135716, at *7 (M.D. Ala. Jan. 10, 2001);  *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013): *Bd. of Trs. of Internal Imp. Trust Fund v. Levy*, 656 So. 2d 1359, 1362 (Fla. 1st DCA 1995). *Dravo Basic Materials Co., Inc. v. State, Dept. of Transp.*, 602 So. 2d 632, 634 n.3 (Fla. 2d DCA 1992); *Golfcrest Nursing Home v. State, Agency for Health Care Admin.*, 662 So. 2d 1330, 1333 (Fla. 1st DCA 1995); *F.U.S.A., FTP-NEA v. Hillsborough Cmty. Coll.*, 440 So. 2d 593, 596 (Fla. 1st DCA 1983).


GRANTED          ___

DENIED           ___

MODIFIED         ___

WITHDRAWN        ___

Plaintiff's Request No. 11

### Violation of Substantive Due Process Rights – Removal For "Cause"

With respect to the issue of whether those rights were clearly established at the time of the violation, Plaintiff could not have been suspended from Valencia without cause. When a government benefit cannot be removed except "for cause," an individual has a property interest in that benefit protected under the Due Process Clause.

**SOURCE:**    *Barnes*, 668 F.3d at 1307 (quoting *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982)).

**OBJECTION**: Defendants object to this Joint Request as argumentative, confusing, misleading and misstating the appropriate law. Defendants further contend that Joint Request Nos. 26 through 32 should be contained into one Violation of Substantive Due Process Rights instruction, in the form and substance proposed by Defendants. *See*    Eleventh Circuit Pattern Jury Instructions 5.8(a) and App'x B (both modified); *Regents of Univ. of Michigan v. Ewing*, 474 U.S. 214, 223 (1985); *Haberle v. Univ. of Alabama in Birmingham*, 803 F.2d 1536, 1540 (11th Cir. 1986); *Hamil v. Vertrees*, 2001 WL 135716, at *7 (M.D. Ala. Jan. 10, 2001); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013): *Bd. of Trs. of Internal Imp. Trust Fund v. Levy*, 656 So. 2d 1359, 1362 (Fla. 1st DCA 1995). *Dravo Basic Materials Co., Inc. v. State, Dept. of Transp.*, 602 So. 2d 632, 634 n.3 (Fla. 2d DCA 1992); *Golfcrest Nursing Home v. State, Agency for Health Care Admin.*, 662 So. 2d 1330, 1333 (Fla. 1st DCA 1995); *F.U.S.A., FTP-NEA v. Hillsborough Cmty. Coll.*, 440 So. 2d 593, 596 (Fla. 1st DCA 1983).

GRANTED          ___

DENIED           ___

MODIFIED         ___

WITHDRAWN        ___

Plaintiff's Request No. 12

### Flawed Procedure And Erroneous Outcome In Violation Of Title IX
### (Valencia)

Under a Title IX "erroneous outcome" theory, a plaintiff must show: 1) a procedurally or otherwise flawed proceeding; 2) that has led to an adverse and erroneous outcome; and 3) particular circumstances suggesting that gender bias was a motivating factor behind the erroneous finding.

**SOURCE:**   *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994).

**OBJECTION**: Defendants object to this Joint Request as insufficient to establish the burden required by the Plaintiff in order to prove a flawed procedure and erroneous outcome violation, and request that the form and substance proposed by Defendants be adopted. *See   Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994); *Prasad v. Cornell Univ.*, 2016 WL 3212079, at *13 (N.D.N.Y. Feb. 24, 2016); *Marshall v. Ohio Univ.*, 2015 WL 7254213, at *5 (S.D. Ohio 2015); *Doe v. Columbia Univ.*, 101 F. Supp. 3d 356, 370 (S.D.N.Y. 2015), *rev'd on procedural grounds*, 831 F.3d 46 (2d Cir. 2016).


GRANTED           ___

DENIED            ___

MODIFIED          ___

WITHDRAWN         ___

Plaintiff's Request No. 13

## Title IX – Evidence Of Bias

Evidence of bias includes the drawing of prejudicial conclusions without sufficient evidentiary support; the casting of Plaintiff's actions in highly inflammatory terms; and the differential treatment Plaintiff and Jane Roe received during the disciplinary process.

**SOURCE:**    *Prasad v. Cornell Univ.*, 2016 WL 3212079, at *14-16 (N.D.N.Y. Feb. 24, 2016) *Accord, Doe v. Salisbury Univ.*, 123 F. Supp. 3d 748, 766 (D. Md. 2015) ("Sufficiently particularized allegations of gender discrimination 'might include, inter alia, statements by members of the disciplinary tribunal, statements by pertinent university officials, or patterns of decision-making that also tend to show the influence of gender.'") (citation omitted).

**OBJECTION:**    Defendants object to this Joint Request as argumentative and an improper instruction for the jury.


GRANTED            ____

DENIED              ____

MODIFIED            ____

WITHDRAWN          ____

Plaintiff's Request No. 14

## Violation of First Amendment as Facially Unconstitutional Pursuant To 42 U.S.C. § 1983
## (Shugart, Sarrubbo, Decker & Romano)

Unconstitutional overbreadth occurs where a regulation that is directed at activities that are not constitutionally protected is structured so as to prohibit protected activities as well.

**SOURCE:**    *City of Houston, Texas v. Hill*, 482 U.S. 451, 458 (1987).

**OBJECTION**:    Defendants object to this instruction as unnecessary, argumentative, and a question of law not appropriate for the jury.  *See Unites States v. Stevens*, 559 U.S. 460 (2010); *Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005);  *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013).

GRANTED            \_\_\_\_

DENIED             \_\_\_\_

MODIFIED           \_\_\_\_

WITHDRAWN          \_\_\_\_

Plaintiff's Request No. 15

### Violation of First Amendment – Overbreadth

Overbreadth creates a likelihood that the statute's very existence will inhibit free expression by inhibiting the speech of third parties who are not before the Court.

**SOURCE:**    *Members of City Council v. Taxpayers for Vincent*, 466 U.S. 789, 800 (1984).

**OBJECTION**:   Defendant objects to this Joint Request as the overbreadth exception is not applicable in this matter as there is no question in this case regarding access to a forum for speech.    See *DA Mortg., Inc. v. City of Miami Beach,* 486 F.3d 1254, 1269 (11th Cir. 2007); *Unites States v. Stevens*, 559 U.S. 460 (2010); *Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005); *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013).

GRANTED             _____

DENIED              _____

MODIFIED            _____

WITHDRAWN           _____

\147529\22 - # 10931513 v1                              {976029.1 }

Plaintiff's Request No. 16

## <u>Violation of First Amendment – Void for Vagueness</u>

A statute will be considered void for vagueness if it does not allow a person of ordinary intelligence to determine what conduct it prohibits, or if it authorizes arbitrary enforcement.

**SOURCE:**    *J.S. ex rel. Snyder v. Blue Mtn. Sch. Dist.*, 650 F.3d 915, 935 (3d Cir. 2011).

**OBJECTION**:   Defendants object to this instruction as unnecessary, argumentative, and a question of law not appropriate for the jury. *See Unites States v. Stevens*, 559 U.S. 460 (2010); *Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005); *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013).


GRANTED           ____

DENIED            ____

MODIFIED          ____

WITHDRAWN         ____

Plaintiff's Request No. 17

### Violation of First Amendment – Vague and Open Ended

Vague and open-ended standards for the punishment of speech, such as conduct that may
adversely affect the College community, simply do not survive muster under the First
Amendment.

**SOURCE:**    *T.V*, 807 F. Supp. 2d 767, 787-88 (policy permitting discipline for conduct that
brings "discredit or dishonor" upon students or the school impermissibly vague and overbroad);
*Miller ex rel. Miller v. Penn Manor Sch. Dist.*, 588 F. Supp. 2d 606, 629 (E.D. Pa. 2008)
(standard imposing penalties for "anything that is a distraction" is void for vagueness).

**OBJECTION**:    Defendants object to this instruction as unnecessary, argumentative, and a
question of law not appropriate for the jury. *See Unites States v. Stevens*, 559 U.S. 460 (2010);
*Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005);   *Fuller v. Decatur Pub.
Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills
Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002); *Wells v. Columbus Tech. Coll.*, 510 F. App'x
893, 897 n.2 (11th Cir. 2013).


GRANTED        ____

DENIED         ____

MODIFIED       ____

WITHDRAWN      ____

Plaintiff's Request No. 18

### Violation of First Amendment – Sexual Harassment Policies - Overbreadth

College sexual harassment policies are particularly susceptible to overbreadth.

**SOURCE:**    *See DeJohn v. Temple Univ.*, 537 F.3d 301, 313 (3d Cir. 2008) ("Because overbroad school policies can suppress and chill core protected speech, and are susceptible to selective application amounting to content-based or viewpoint discrimination, the overbreadth doctrine may be invoked in student free speech case.").

**OBJECTION**:  Defendants object to this instruction as unnecessary, argumentative, and not appropriate for the jury. *See Unites States v. Stevens*, 559 U.S. 460 (2010); *Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005); *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013).

GRANTED          ___

DENIED           ___

MODIFIED         ___

WITHDRAWN        ___

Plaintiff's Request No. 19

### Violation of First Amendment – Government May Not Prohibit Offensive Speech

Harassing or discriminatory speech, although evil and offensive, may be used to communicate ideas or emotions that nonetheless implicate First Amendment protections. It is a bedrock principle underlying the First Amendment that the government may not prohibit the expression of an idea simply because society finds the idea offensive or disagreeable.

**SOURCE:**    *Saxe v. State Coll. Area Sch. Dist.,* 240 F.3d 200, 209 (3d Cir. 2001) (Alito, J.) (quoting *Texas v. Johnson,* 491 U.S. 397, 414 (1989)).

**OBJECTION:** Defendants object to this instruction as unnecessary, argumentative, and not appropriate for the jury. *See Unites States v. Stevens,* 559 U.S. 460 (2010); *Cady v. S. Suburban Coll.,* 310 F. Supp. 2d 997, 1000 (7th Cir. 2005); *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61,* 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.,* 307 F. 3d 243, 259 (3d Cir. 2002); *Wells v. Columbus Tech. Coll.,* 510 F. App'x 893, 897 n.2 (11th Cir. 2013).

GRANTED        ____

DENIED         ____

MODIFIED       ____

WITHDRAWN      ____

Plaintiff's Request No. 20

## **Violation of First Amendment – Strike Down If Overbroad**

A regulation of speech may be struck down on its face if its prohibitions are sufficiently overbroad—that is, if it reaches too much expression that is protected by the Constitution. The harassment policy can be found unconstitutionally overbroad if there is a likelihood that the statute's very existence will inhibit free expression to a substantial extent.

**SOURCE:**    *DeJohn*, 537 F.3d at 314.

**OBJECTION**:  Defendants object to this instruction as unnecessary, argumentative, and not appropriate for the jury. *See Unites States v. Stevens*, 559 U.S. 460 (2010); *Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005); *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013).

GRANTED         ____

DENIED          ____

MODIFIED        ____

WITHDRAWN       ____

\147529\22 - # 10931513 v1                                {976029.1 }

Plaintiff's Request No. 21

**<u>Violation of First Amendment – Unconstutionally Overbroad</u>**

A statute is unconstitutional on its face on overbreadth grounds if there is a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the court.

**SOURCE:**    *Dambrot v. Cent. Michigan Univ.*, 55 F.3d 1177, 1182 (6th Cir. 1995) (quoting *Members of City Council v. Taxpayers for Vincent,* 466 U.S. 789, 801 (1984)) (affirming grant of summary judgment).

**OBJECTION**:  Defendants object to this instruction as unnecessary, argumentative, and not appropriate for the jury.  *See Unites States v. Stevens*, 559 U.S. 460 (2010); *Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005);  *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013).


GRANTED        ___

DENIED         ___

MODIFIED       ___

WITHDRAWN      ___

Plaintiff's Request No. 22

## Violation of First Amendment – Use of "Hostile" or "Offensive" Terms

The use of terms such as "hostile" or "offensive" is, on its face, sufficiently broad and subjective that they could conceivably be applied to cover any speech of a gender-motivated nature the content of which offends someone and is therefore overbroad.

**SOURCE:** *DeJohn* , 537 F.3d at 314 (quoting *Saxe*, 240 F.3d at 21)); *see also Dambrot*, 55 F.3d at 1182 (invalidating harassment policy against "any intentional, unintentional, physical, verbal, or nonverbal behavior that subjects an individual to an intimidating, hostile or offensive educational, employment or living environment . . . .").

**OBJECTION**: Defendants object to this instruction as unnecessary, argumentative, and not appropriate for the jury. *See Unites States v. Stevens*, 559 U.S. 460 (2010); *Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005); *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013).


GRANTED        ____

DENIED         ____

MODIFIED       ____

WITHDRAWN      ____

Plaintiff's Request No. 23

### Violation of First Amendment – Insufficient Boundaries

Policies are impermissibly overbroad if they fail to draw the necessary boundary between the subjectively measured offensive conduct and objectively measured harassing conduct, indicate that a hostile environment is caused by severe or pervasive actions, and give the impression that merely subjective feelings of decreased status or well-being may support an allegation of sexual harassment.

**SOURCE:**  *Booher v. Bd. of Regents, N. Kentucky Univ.*, 1998 WL 35867183, at *8 (E.D. Ky. July 22, 1998) (striking a policy stating "that sexual harassment may consist of 'verbal ... conduct of a sexual nature [that] unreasonably affects ... status and well-being by creating an intimidating, hostile, or offensive work or academic environment'").

**OBJECTION:**  Defendants object to this instruction as unnecessary, argumentative, and not appropriate for the jury. *See Unites States v. Stevens*, 559 U.S. 460 (2010); *Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005); *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013).


GRANTED ___

DENIED ___

MODIFIED ___

WITHDRAWN ___

Plaintiff's Request No. 24

### Violation of First Amendment – Use of "Purpose" or "Effect" Terms

Terms such as "purpose" or "effect" render a harassment policy overbroad because the Policy punishes not only speech that actually causes disruption, but also speech that merely intends to do so: by its terms, it covers speech which has the purpose or effect of interfering with educational performance or creating a hostile environment. A school must reasonably believe that speech will cause actual, material disruption before prohibiting it.

**SOURCE:**   *Saxe*, 240 F.3d at 216–17 (citations omitted); *see also DeJohn*, 537 F.3d at 317 ("Under the language of [the school's] Policy, a student who sets out to interfere with another student's work, educational performance, or status, or to create a hostile environment would be subject to sanctions regardless of whether these motives and actions had their intended effect. As such, the focus on motive is contrary to *Tinker*'s requirement that speech cannot be prohibited in the absence of a tenable threat of disruption.") (internal citation omitted).

**OBJECTION:**   Defendants object to this instruction as unnecessary, argumentative, and not appropriate for the jury. *See Unites States v. Stevens*, 559 U.S. 460 (2010); *Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005); *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013).

GRANTED          ____

DENIED           ____

MODIFIED         ____

WITHDRAWN        ____

Plaintiff's Request No. 25

**<u>Violation of First Amendment – Unreasonable Interference</u>**

A student conduct policy that deals with conduct that "unreasonably interferes" with an individual's work probably falls short of satisfying the *Tinker* standard. If we were to construe 'unreasonable' as encompassing a subjective and objective component, it still does not necessarily follow that speech which effects an unreasonable interference with an individual's work justifies restricting another's First Amendment freedoms.

**SOURCE:**     *DeJohn*, 537 F.3d at 318–20.

**OBJECTION**:  Defendants object to this instruction as unnecessary, argumentative, and not appropriate for the jury. *See Unites States v. Stevens*, 559 U.S. 460 (2010); *Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005); *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013).

GRANTED      ____

DENIED       ____

MODIFIED     ____

WITHDRAWN    ____

Plaintiff's Request No. 26

## **Violation of First Amendment – Entirely Subjective**

A student conduct policy is unconstitutionally overbroad if it contains language that is entirely subjective and provides no shelter for core protected speech.

**SOURCE:**    *McCauley v. Univ. of the Virgin Islands*, 618 F.3d 232, 250-51 (3d Cir. 2010).

**OBJECTION**:  Defendants object to this instruction as unnecessary, argumentative, and not appropriate for the jury.  *See Unites States v. Stevens*, 559 U.S. 460 (2010); *Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005);  *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013).

GRANTED            ____

DENIED             ____

MODIFIED           ____

WITHDRAWN          ____

\147529\22 - # 10931513 v1                    {976029.1 }

Plaintiff's Request No. 27

## **<u>Violation of First Amendment – Use of "Distress" Term</u>**

The term "distress" could connote an exceedingly minimal threshold of harm, as in to cause to worry or be troubled.  Even taking a narrow understanding of "emotional distress," it is clear that the term is driven by the subjective experience of the individual and is unconstitutional.

**SOURCE:**    *McCauley v. Univ. of the Virgin Islands*, 618 F.3d 232, 250 (3d Cir. 2010); *see also Doe v. Rector & Visitors of George Mason Univ.*, 149 F. Supp. 3d 602, 611 (E.D. Va. 2016) (invalidating harassment policy that barred "[c]ommunication that may cause injury, distress, or emotional or physical discomfort"); *T.V. ex rel. B.V. v. Smith-Green Comm. School Corp.*, 807 F. Supp. 2d 767, 782-83  (N.D. Ind. 2011) (Internet postings of sexual explicit material may not be punished by high school, even where material was sent to other students, and where the material upset at least one student and caused "divisiveness" among certain students.).

**OBJECTION**:   Defendants object to this instruction as unnecessary, argumentative, and not appropriate for the jury.  *See Unites States v. Stevens*, 559 U.S. 460 (2010); *Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005);  *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013).


GRANTED          ____

DENIED           ____

MODIFIED         ____

WITHDRAWN        ____

Plaintiff's Request No. 28

### Violation of First Amendment – Must Guess What Is Prohibited

A college anti-harassment policy is unconstitutionally vague if members of the university community must guess at what is prohibited, or if interpretation and enforcement of the policy is delegated without providing guidance so that the enforcement is arbitrary.

**SOURCE:**     *Dambrot,* 55 F.3d at 1184 (affirming grant of summary judgment); *Doe v. Univ. of Michigan*, 721 F. Supp. at 866 (E.D. Mich 1989) (granting permanent injunction).

**OBJECTION**: Defendants object to this instruction as unnecessary, argumentative, and not appropriate for the jury. *See Unites States v. Stevens*, 559 U.S. 460 (2010); *Cady v. S. Suburban Coll*., 310 F. Supp. 2d 997, 1000 (7th Cir. 2005); *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ*., 307 F. 3d 243, 259 (3d Cir. 2002); *Wells v. Columbus Tech. Coll*., 510 F. App'x 893, 897 n.2 (11th Cir. 2013).

GRANTED          ___

DENIED           ___

MODIFIED         ___

WITHDRAWN        ___

Plaintiff's Request No. 29

## Violation of First Amendment – No Fair Notice

A policy fails to give adequate notice regarding what conduct is prohibited where it does not indicate that the existence of a hostile environment is to be determined by both subjective and objective measurements.

**SOURCE:**    *Dambrot,* 55 F.3d at 1183-84; *Booher v. Bd. of Regents, N. Kentucky Univ.,* 1998 WL 35867183, at *9 (E.D. Ky. Jul. 22, 1998).

**OBJECTION**:  Defendants object to this instruction as unnecessary, argumentative, and not appropriate for the jury. *See Unites States v. Stevens,* 559 U.S. 460 (2010); *Cady v. S. Suburban Coll.,* 310 F. Supp. 2d 997, 1000 (7th Cir. 2005); *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61,* 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.,* 307 F. 3d 243, 259 (3d Cir. 2002); *Wells v. Columbus Tech. Coll.,* 510 F. App'x 893, 897 n.2 (11th Cir. 2013).

GRANTED          ____

DENIED           ____

MODIFIED         ____

WITHDRAWN        ____

Plaintiff's Request No. 30

### Violation of First Amendment – Inadequate Warning

A statute, regulation, or rule may be deemed unconstitutionally vague if it fails to give a person adequate warning that certain conduct is prohibited, or if it fails to set forth adequate standards to prevent arbitrary and discriminatory enforcement.

**SOURCE:**   *City of Chicago v. Morales*, 527 U.S. 41, 53 (1999).

**OBJECTION**:  Defendants object to this instruction as unnecessary, argumentative, and not appropriate for the jury.  *See Unites States v. Stevens*, 559 U.S. 460 (2010); *Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005);  *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013).

GRANTED         ____

DENIED          ____

MODIFIED        ____

WITHDRAWN       ____

Plaintiff's Request No. 31

### <u>Violation of First Amendment as Applied Pursuant To 42 U.S.C. § 1983</u>
### <u>(Shugart, Sarrubbo, Decker & Romano)</u>

Schools may not punish students for any speech unless it materially and substantially interferes with the operation of the school.

**SOURCE:**   *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 509 (1969); *Saxe v. State Coll. Area Sch. Dist.,* 240 F.3d 200, 215-17 (3d Cir. 2001) (Alito, J.) (finding school anti-harassment policy overbroad because it "appears to cover substantially more speech than could be prohibited under *Tinker*'s substantial disruption test").

**OBJECTION**:  Defendants object to this instruction as unnecessary, argumentative, and not appropriate for the jury.  *See Unites States v. Stevens*, 559 U.S. 460 (2010); *Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005);  *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013).

GRANTED          ___

DENIED           ___

MODIFIED         ___

WITHDRAWN        ___

\147529\22 - # 10931513 v1                              {976029.1 }

Plaintiff's Request No. 32

<u>**Violation of First Amendment as Applied Pursuant To 42 U.S.C. § 1983**</u>
<u>**(Shugart, Sarrubbo, Decker & Romano)**</u>

The burden of justifying the prohibition of a particular expression of opinion cannot be met if school officials are driven by a mere desire to avoid the discomfort and unpleasantness that always accompany an unpopular viewpoint.

**SOURCE:**   *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 509 (1969); *Saxe v. State Coll. Area Sch. Dist.,* 240 F.3d 200, 215-17 (3d Cir. 2001) (Alito, J.) (finding school anti-harassment policy overbroad because it "appears to cover substantially more speech than could be prohibited under *Tinker*'s substantial disruption test").

**OBJECTION**: Defendants object to this instruction as unnecessary, argumentative, and not appropriate for the jury. *See Unites States v. Stevens*, 559 U.S. 460 (2010); *Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005); *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013).

GRANTED         ___

DENIED          ___

MODIFIED        ___

WITHDRAWN       ___

Plaintiff's Request No. 33

### Violation of First Amendment – No Ad Hoc Punishment

Universities may not impose *ad hoc* punishment on an adult university student for speech that was privately communicated simply because the speaking party intended to cause distress and the receiving party might become distressed.

**SOURCE:**   *Doe v. Rector & Visitors of George Mason Univ.*, 149 F. Supp. 3d 602, 630 (E.D. Va. 2016).

**OBJECTION**:  Defendants object to this instruction as unnecessary, argumentative, and not appropriate for the jury. *See Unites States v. Stevens*, 559 U.S. 460 (2010); *Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005); *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013).

GRANTED ____

DENIED ____

MODIFIED ____

WITHDRAWN ____

\147529\22 - # 10931513 v1                    {976029.1 }

Plaintiff's Request No. 34

### Violation of First Amendment – Cause Actual, Material Disruption

A school must reasonably believe that speech will cause actual, material disruption before prohibiting it.

**SOURCE:**   *Saxe*, 240 F.3d at 216–17 (citations omitted).

**OBJECTION**:   Defendants object to this instruction as unnecessary, argumentative, and not appropriate for the jury. *See Unites States v. Stevens*, 559 U.S. 460 (2010); *Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005); *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013); *Texas v. Johnson*, 491 U.S. 397, 403 (1989); *Beauharnais v. Illinois*, 343 U.S. 250, 255–57 (1952); *U.S. v. Williams*, 553 U.S. 285, 288 (2008); *Wright v. City of St. Petersburg, Fla.*, 833 F.3d 1291, 1295 (11th Cir. 2016); *Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005); *R.A.V. v. City of St. Paul, Minn.*, 505 U.S. 377, 382–83 (1992) (*citing Chaplinsky v. New Hampshire*, 315 U.S. 568, 572 (1942)); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013); *Doe v. Rector & Visitors of George Mason Univ.*, 2016 WL 775776, at *17 (E.D. Va. Feb. 25, 2016); *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002); *Marshall v. Ohio Univ.*, 2015 WL 1179955, at *2, 6-7 (S.D. Ohio 2015); *Vanderhurst v. Colo. Mountain Coll. Dist.*, 16 F. Supp. 2d 1297, 1305-06 (D. Colo. 1998); *Powell v. State*, 508 So. 2d 1307, 1310 (Fla. 1st DCA 1987).

GRANTED          ___

DENIED           ___

MODIFIED         ___

WITHDRAWN        ___

Plaintiff's Request No. 35

### **Violation of First Amendment – Schools vs. Universities**

A college or university has much less constitutional authority to restrain student speech than an elementary or high school. While elementary and high schools may implement reasonable rules to protect the education of minors, this standard is inapplicable to colleges and universities.

**SOURCE:**  *See, e.g., Bd. of Regents of Univ. of Wisconsin Sys. v. Southworth*, 529 U.S. 217, 239 n.4 (2000) ("cases dealing with the right of teaching institutions to limit expressive freedom of students have been confined to high schools, whose students and their schools' relation to them are different and at least arguably distinguishable from their counterparts in college education") (internal citations omitted); *Healy v. James*, 408 U.S. 169, 180–81 (1972) ("the precedents of this Court leave no room for the view that, because of the acknowledged need for order, First Amendment protections should apply with less force on college campuses than in the community at large") (internal citations omitted); *DeJohn v. Temple Univ.*, 537 F.3d 301, 315 (3d Cir. 2008) ("Certain speech, however, which *cannot* be prohibited to adults *may* be prohibited to public elementary and high school students.") (emphasis in the original); *see also Bair v. Shippensburg Univ.*, 280 F. Supp. 2d 357, 370–71 (M.D. Pa. 2003) ("Aside from the constitutional concerns of the policy, it is worth noting that such a view is inconsistent with our nation's tradition of safeguarding 'free and unfettered interplay of competing views' in the academic arena. . . . Communications which provoke a response, especially in the university setting, have historically been deemed an objective to be sought after rather than a detriment to be avoided.") (internal citations omitted) (granting preliminary injunction).

**OBJECTION**:  Defendants object to this instruction as unnecessary, argumentative, and not appropriate for the jury. *See Unites States v. Stevens*, 559 U.S. 460 (2010); *Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005); *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013); *Texas v. Johnson*, 491 U.S. 397, 403 (1989); *Beauharnais v. Illinois*, 343 U.S. 250, 255–57 (1952); *U.S. v. Williams*, 553 U.S. 285, 288 (2008); *Wright v. City of St. Petersburg, Fla.*, 833 F.3d 1291, 1295 (11th Cir. 2016); *Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005); *R.A.V. v. City of St. Paul, Minn.*, 505 U.S. 377, 382–83 (1992) (*citing Chaplinsky v. New Hampshire*, 315 U.S. 568, 572 (1942)); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013); *Doe v. Rector & Visitors of George Mason Univ.*, 2016 WL 775776, at *17 (E.D. Va. Feb. 25, 2016); *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002); *Marshall v. Ohio Univ.*, 2015 WL 1179955, at *2, 6-7 (S.D. Ohio 2015); *Vanderhurst v. Colo. Mountain Coll. Dist.*, 16 F. Supp. 2d 1297, 1305-06 (D. Colo. 1998); *Powell v. State*, 508 So. 2d 1307, 1310 (Fla. 1st DCA 1987).

GRANTED     ____

DENIED     ____

MODIFIED     ____

WITHDRAWN     ____

Plaintiff's Request No. 36

## Violation of First Amendment – College May Not Limit Student Speech

In the absence of a material and substantial interference in school operations, a college may not limit student speech, even where that speech might be considered lewd.

**SOURCE:**   *See, e.g., Murakowski v. Univ. of Delaware*, 575 F. Supp. 2d 571, 590-92 (D. Del. 2008) (granting summary judgment on First Amendment claim).

**OBJECTION**:   Defendants object to this instruction as unnecessary, argumentative, and not appropriate for the jury. *See Unites States v. Stevens*, 559 U.S. 460 (2010); *Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005); *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013); *Texas v. Johnson*, 491 U.S. 397, 403 (1989); *Beauharnais v. Illinois*, 343 U.S. 250, 255– 57 (1952); *U.S. v. Williams*, 553 U.S. 285, 288 (2008); *Wright v. City of St. Petersburg, Fla.*, 833 F.3d 1291, 1295 (11th Cir. 2016); *Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005); *R.A.V. v. City of St. Paul, Minn.*, 505 U.S. 377, 382–83 (1992) (*citing Chaplinsky v. New Hampshire*, 315 U.S. 568, 572 (1942)); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013); *Doe v. Rector & Visitors of George Mason Univ.*, 2016 WL 775776, at \*17 (E.D. Va. Feb. 25, 2016); *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002); *Marshall v. Ohio Univ.*, 2015 WL 1179955, at \*2, 6-7 (S.D. Ohio 2015); *Vanderhurst v. Colo. Mountain Coll. Dist.*, 16 F. Supp. 2d 1297, 1305-06 (D. Colo. 1998); *Powell v. State*, 508 So. 2d 1307, 1310 (Fla. 1st DCA 1987).

GRANTED           ___

DENIED            ___

MODIFIED          ___

WITHDRAWN         ___

Plaintiff's Request No. 37

### <u>Violation of First Amendment – Speech On School Campuses</u>

Rules against inappropriate speech are only permitted against inappropriate speech *on school campuses*. Had the same statement been made off campus, the school could not punish the individual.

**SOURCE:** *See Morse v. Frederick*, 551 U.S. 393, 405 (2007) ("Had Fraser delivered the same speech in a public forum outside the school context, it would have been protected."). "*Fraser*'s 'lewdness' standard cannot be extended to justify a school's punishment of [plaintiff] for use of profane language outside the school, during non-school hours." *J.S. ex rel. Snyder v. Blue Mtn. Sch. Dist.*, 650 F.3d 915, 932 (3d Cir. 2011) (en banc) (punishment for middle school student's Internet posting about school principal containing adult language and sexually explicit content unconstitutional).

**OBJECTION:** Defendants object to this instruction as unnecessary, argumentative, and not appropriate for the jury. *See Unites States v. Stevens*, 559 U.S. 460 (2010); *Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005); *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013); *Texas v. Johnson*, 491 U.S. 397, 403 (1989); *Beauharnais v. Illinois*, 343 U.S. 250, 255–57 (1952); *U.S. v. Williams*, 553 U.S. 285, 288 (2008); *Wright v. City of St. Petersburg, Fla.*, 833 F.3d 1291, 1295 (11th Cir. 2016); *Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005); *R.A.V. v. City of St. Paul, Minn.*, 505 U.S. 377, 382–83 (1992) (*citing Chaplinsky v. New Hampshire*, 315 U.S. 568, 572 (1942)); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013); *Doe v. Rector & Visitors of George Mason Univ.*, 2016 WL 775776, at *17 (E.D. Va. Feb. 25, 2016); *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002); *Marshall v. Ohio Univ.*, 2015 WL 1179955, at *2, 6-7 (S.D. Ohio 2015); *Vanderhurst v. Colo. Mountain Coll. Dist.*, 16 F. Supp. 2d 1297, 1305-06 (D. Colo. 1998); *Powell v. State*, 508 So. 2d 1307, 1310 (Fla. 1st DCA 1987).

GRANTED         ___

DENIED          ___

MODIFIED        ___

WITHDRAWN       ___

Plaintiff's Request No. 38

## **Violation of First Amendment – May Not Punish Speech Anywhere**

Schools may not adopt a rule that allows school officials to punish any speech by a student that takes place anywhere, at any time, as long as it is about the school or a school official, is brought to the attention of a school official, and is deemed offensive by the prevailing authority.

**SOURCE:**   *City of Chicago v. Morales*, 527 U.S. 41, 53 (1999); *see also T.V. ex rel. B.V. v. Smith-Green Comm. School Corp.*, 807 F. Supp. 2d 767 (N.D. Ind. 2011) (high school punishment for the posting to Facebook of sexual explicit pictures by students violates First Amendment).

**OBJECTION:**   Defendants object to this instruction as unnecessary, argumentative, and not appropriate for the jury.  *See Unites States v. Stevens*, 559 U.S. 460 (2010); *Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005); *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013); *Texas v. Johnson*, 491 U.S. 397, 403 (1989); *Beauharnais v. Illinois*, 343 U.S. 250, 255–57 (1952); *U.S. v. Williams*, 553 U.S. 285, 288 (2008); *Wright v. City of St. Petersburg, Fla.*, 833 F.3d 1291, 1295 (11th Cir. 2016);  *Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005);  *R.A.V. v. City of St. Paul, Minn.*, 505 U.S. 377, 382–83 (1992) (*citing Chaplinsky v. New Hampshire*, 315 U.S. 568, 572 (1942));  *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013); *Doe v. Rector & Visitors of George Mason Univ.*, 2016 WL 775776, at *17 (E.D. Va. Feb. 25, 2016); *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002);  *Marshall v. Ohio Univ.*, 2015 WL 1179955, at *2, 6-7 (S.D. Ohio 2015);  *Vanderhurst v. Colo. Mountain Coll. Dist.*, 16 F. Supp. 2d 1297, 1305-06 (D. Colo. 1998); *Powell v. State*, 508 So. 2d 1307, 1310 (Fla. 1st DCA 1987).

GRANTED            ____

DENIED              ____

MODIFIED           ____

WITHDRAWN         ____

Plaintiff's Request No. 39

## Violation of First Amendment – Sexual Speech

The First Amendment protects all manner of sexual speech.

**SOURCE:**    *See, e.g., Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 246 (2002) (protecting "images that appear to depict a minor engaging in sexually explicit activity"); *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 48 (1988) (protecting fake advertisement implying that televangelist had "a drunken incestuous rendezvous with his mother in an outhouse"); *Se. Prom., Ltd. v. Conrad*, 420 U.S. 546, 566 (1975) (protecting performance that included lines such as, "Sodomy, fellatio, cunnilingus, pederasty—father, why do these words sound so nasty? Masturbation can be fun. Join the holy orgy, Kama Sutra, everyone."); *United States v. Landham*, 251 F.3d 1072, 1086-87 (6th Cir. 2001) (irate man called his wife, who had initiated divorce proceedings, and referred to her as, *inter alia*, a "'herpes slut,' 'cuntless fuck,' and 'unmotherly piece of crap.'").

**OBJECTION**:    Defendants object to this instruction as unnecessary, argumentative, and not appropriate for the jury. *See Unites States v. Stevens*, 559 U.S. 460 (2010); *Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005); *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013); *Texas v. Johnson*, 491 U.S. 397, 403 (1989); *Beauharnais v. Illinois*, 343 U.S. 250, 255–57 (1952); *U.S. v. Williams*, 553 U.S. 285, 288 (2008); *Wright v. City of St. Petersburg, Fla.*, 833 F.3d 1291, 1295 (11th Cir. 2016); *Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005); *R.A.V. v. City of St. Paul, Minn.*, 505 U.S. 377, 382–83 (1992) (*citing Chaplinsky v. New Hampshire*, 315 U.S. 568, 572 (1942)); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013); *Doe v. Rector & Visitors of George Mason Univ.*, 2016 WL 775776, at *17 (E.D. Va. Feb. 25, 2016); *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002); *Marshall v. Ohio Univ.*, 2015 WL 1179955, at *2, 6-7 (S.D. Ohio 2015); *Vanderhurst v. Colo. Mountain Coll. Dist.*, 16 F. Supp. 2d 1297, 1305-06 (D. Colo. 1998); *Powell v. State*, 508 So. 2d 1307, 1310 (Fla. 1st DCA 1987).

GRANTED          ____

DENIED           ____

MODIFIED         ____

WITHDRAWN        ____

Plaintiff's Request No. 40

## **Damages**

There can be no dispute that Plaintiff suffered harm as he was suspended from school as a result of school action taken against him.

**SOURCE:**   *See, e.g., Regents of Univ. of Michigan v. Ewing,* 474 U.S. 214, 222-23 (1985) ("accept[ed] the University's invitation to 'assume the existence of a constitutionally protectable property right in [a student's] continued enrollment'").

**OBJECTION**:  Defendants object to this instruction as unnecessary, argumentative, and not appropriate for the jury.


GRANTED            ____

DENIED             ____

MODIFIED           ____

WITHDRAWN          ____

\147529\22 - # 10931513 v1                    {976029.1 }

Plaintiff's Request No. 41

### **Computation of Damages – Section 1983 Claims**

If you find for Mr. Koeppel and against one or more of the Defendants on this claim, you must consider the issue of Mr. Koeppel's damages, if any, caused by that Defendant's violation of Mr. Koeppel's constitutional rights. Mr. Koeppel bears the burden to prove any damages by a preponderance of the evidence. The particular Defendant's conduct caused Mr. Koeppel's damages if Mr. Koeppel would not have been damaged without the Defendant's conduct, and the damages were a reasonably foreseeable consequence of that Defendant's conduct.

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Mr. Koeppel's damages – no more, no less. You must not impose or increase these compensatory damages to punish or penalize the Defendants. And you must not base these compensatory damages on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that Mr. Koeppel has proved them by a preponderance of the evidence, and no others:

[List possible recoverable damages]

**SOURCE:**    Eleventh Circuit Pattern Jury Instruction 5.1 (damages section) (2013)

GRANTED       \_\_\_

DENIED       \_\_\_

MODIFIED       \_\_\_

WITHDRAWN       \_\_\_

Plaintiff's Request No. 42

## Computation of Damages –  Nominal Damages

You may award $1.00 in nominal damages and no compensatory damages if you find that (a) Mr. Koeppel has submitted no credible evidence of injury; or (b) Mr. Koeppel's injuries have no monetary value or are not quantifiable with any reasonable certainty.

**SOURCE:**   Eleventh Circuit Pattern Jury Instruction 5.1 (nominal damages section) (2013)


GRANTED          ____

DENIED           ____

MODIFIED         ____

WITHDRAWN        ____

Plaintiff's Request No. 43

## **Computation of Damages – Title IX Claim**

If you find for Mr. Koeppel and against Valencia on this claim, you must consider the issue of Mr. Koeppel's damages, if any, caused by Valencia's intentional violation of Mr. Koeppel's rights under Title IX.  Mr. Koeppel bears the burden to prove any damages by a preponderance of the evidence.  Valencia's conduct caused Mr. Koeppel's damages if Mr. Koeppel would not have been damaged without Valencia's conduct, and the damages were a reasonably foreseeable consequence of Valencia's conduct.

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Mr. Koeppel's damages – no more, no less.  You must not impose or increase these compensatory damages to punish or penalize Valencia.  And you must not base these compensatory damages on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that Mr. Koeppel has proved them by a preponderance of the evidence, and no others:

[List possible recoverable damages]

**SOURCE:**   *Franklin v. Weinnett County Public Schools*, 112 S.Ct. 1028 (1992); Eleventh Circuit Pattern Jury Instruction 5.1 (damages section modified) (2013)


GRANTED          ___

DENIED           ___

MODIFIED         ___

WITHDRAWN        ___

Plaintiff's Request No. 44

## **Computation of Damages – Punitive Damages**

Mr. Koeppel also claims that Mr. Sarrubbo, Dr. Romano, Mr. Decker and Mr. Shugart's acts were done with malice or reckless indifference to Mr. Koeppel's federally protected rights, which would entitle him to punitive damages in addition to compensatory damages. Mr. Koeppel must prove by a preponderance of the evidence that he is entitled to punitive damages.

You will only reach the issue of punitive damages if you find that Mr. Koeppel has proved the elements of his claim against any of the individual Defendants, and you award Mr. Koeppel compensatory damages. If you find for Mr. Koeppel and find that the individual Defendants acted with malice or reckless indifference to Mr. Koeppel's federally protected rights, the law allows you, in your discretion, to award Mr. Koeppel punitive damages as a punishment for the individual Defendants and as a deterrent to others. A person acts with malice if the person's conduct is motivated by evil intent or motive. A person acts with reckless indifference to the protected federal rights of another person when the person engages in conduct with a callous disregard for whether the conduct violates those protected federal rights. If you find that punitive damages should be assessed, you may consider the evidence regarding each Defendant's financial resources in fixing the amount of such damages. You also may assess punitive damages against one or more of the individual defendants, and not others, or against more than one individual defendant in different amounts.

**SOURCE:**    Eleventh Circuit Pattern Jury Instruction 5.1 (punitive damages section) (2013)

GRANTED        ____

DENIED         ____

MODIFIED       ____

WITHDRAWN      ____

\147529\22 - # 10931513 v1                    {976029.1 }

Plaintiff's Request No. 45

**<u>Qualified Immunity Defense</u>**

There is no qualified immunity where, (1) the defendant violated a constitutional right; and (2) the right was clearly established at the time of the violation.


**SOURCE**:    *Barnes v. Zaccari*, 669 F.3d 1295, 1303 (11th Cir. 2012).

**<u>Objection</u>**:  Defendants object to this Joint Request as it is insufficient to properly instruct the jury on the requirements of Qualified Immunity.  *See Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013); *Edwards v. Wallace Comm. Coll.*, 49 F.3d 1517, 1523 (11th Cir. 1995); *Scott v. Baldwin*, 720 F.3d 1034, 1036 (8th Cir. 2013).  *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004); *Montanez v. Carvajal*, 2016 WL 231213, at *2 (M.D. Fla. Jan. 15, 2016); *Phillips v. Irvin*, 2006 WL 1663677, at *9 (S.D. Ala. June 14, 2006), *aff'd in part, rev'd in part*, 222 F. App'x 928 (11th Cir. 2007);  *Goram v. Mims*, 2011 WL 4552191, at *6 (N.D. Fla. Sept. 2, 2011), *report and recommendation adopted*, 2011 WL 4551440 (N.D. Fla. Sept. 30, 2011)


GRANTED        \_\_\_\_

DENIED         \_\_\_\_

MODIFIED       \_\_\_\_

WITHDRAWN      \_\_\_\_