# EXHIBIT 9

**Defendants' Request No. ____**

## 42 U.S.C. 1983

### The Statute and Its Function

Plaintiff asserts four claims under a federal civil rights law, 42 U.S.C. § 1983. The statute provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law. Section 1983 states in part that:

> Every person who, under color of [state law], subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and [federal] laws, shall be liable to the party injured [for damages].

Section 1983 creates a form of liability in favor of individuals who have been deprived of rights secured to them by the United States Constitution. It was passed by Congress to enforce the Fourteenth Amendment of the Constitution. The Fourteenth Amendment provides in relevant part that:

> [N]o state shall . . . deprive any person of life, liberty, or property, without due process of law nor deny to any person within its jurisdiction the equal protection of the laws.

Section 1983 itself does not establish or create any federally protected right. Rather, it is the statute that allows the Plaintiff in this case to enforce rights guaranteed to him by the federal Constitution.  Later in these instructions I will explain to you what these federal constitutional rights are, and what the plaintiff must demonstrate to prove a violation of these rights.

To establish a claim under section 1983, the Plaintiff must demonstrate, by a preponderance of the evidence, the following three elements:

First, that the defendant's conduct was under color of state law;

Second, that this conduct deprived the Plaintiff of a right protected by the Constitution of the United States; and

Third, that the defendant's conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

I will explain each of these elements to you.

{976035.1 }

## First Element: Color of Law

As to the first element—whether the defendant was acting under color of state law—there is no dispute in this case that during the events in issue here the Individual Defendants were acting under color of law. Therefore, you need not concern yourself with that element of the Plaintiff's case.

## Second Element: Deprivation of a Federal Right

The second element of the Plaintiff's claim is that each of the Individual Defendants' conduct deprived him of a federal right. Plaintiff claims in this case that he was deprived of his right to freedom of speech under the First Amendment, and rights to procedural and substantive due process under the Fourteenth Amendment.    I will explain the elements of the Plaintiff's claims later in these instructions.

## Third Element: Proximate Cause

The third element the Plaintiff must prove is that each of the Individual Defendants' challenged conduct was a proximate cause of Plaintiff's alleged damages. Under Section 1983 a defendant is responsible for the natural consequences of his or her actions. An act is a proximate cause if it was a substantial factor in bringing about the plaintiff's injury. You must determine whether injury or damage suffered by the Plaintiff was a reasonably foreseeable consequence of the Individual Defendants' challenged conduct. An injury that is a direct result, or a reasonable probable consequence of a defendant's conduct, was proximately caused by that conduct. The question is whether a reasonable person would regard defendant's conduct as being a cause of the injury. If so, the conduct is a proximate cause.

## Multiple Defendants

If you find that Plaintiff has proven all three elements of each of his claims by a preponderance of the evidence with respect to a particular Individual Defendant whom you are considering separately, you should find that Defendant liable. If you find that Plaintiff has not proven any one of these elements with respect to a particular Individual Defendant you are considering, then you must find that Defendant not liable and return a verdict for him. Remember that the case as to each of these Individual Defendants must be considered separately by you. The fact that you find that one of the Individual Defendants is or is not liable does not determine your verdict as to any other Individual Defendants.

**SOURCES:** MARTIN A. SCHWARTZ & HON. GEORGE C. PRATT, SECTION 1983 LITIGATION JURY INSTRUCTIONS § 3.01[B] (2d ed. Westlaw 2017) (adapted from instructions in appendix to opinion in *Morello v. James*, 797 F. Supp. 223 (W.D.N.Y. 1992)).

{976035.1 }

OBJECTION: Plaintiff objects to this instruction on the basis that it improperly aggregates legal standards, fails to state the legal standard(s) objectively, inaccurately states the legal standard(s), improperly characterizes Plaintiff's claim(s), and asserts defenses not raised.

{976035.1 }

**Defendants' Request No. _____**

### Qualified Immunity Under 42 U.S.C. 1983

As to each claim for which Mr. Koeppel proves each essential element by a preponderance of the evidence as to an Individual Defendant, you must consider whether the Individual Defendant is entitled to what the law calls the defense of "qualified immunity." Qualified immunity may protect a defendant from liability even if they violated a plaintiff's constitutional rights.

A government official acts within his discretionary authority when he performs a legitimate job-related function through means that were within his power to utilize. Once the defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate. In this case, the parties agree that the Individual Defendants were acting within the scope of their discretionary authority as Valencia College employees.

Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions, and it protects all but the plainly incompetent or those who knowingly violate the law. Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines. Except under rare circumstances government employees will have qualified immunity from suits against them in their individual capacities. A defendant's mere carelessness, inattention or negligence is insufficient to overcome qualified immunity.

If, after considering all of the circumstances of this case as they would have reasonably appeared to each Individual Defendants at the time of their challenged acts, you find that Mr. Koeppel failed to prove that no reasonable official could have believed that their challenged conduct was lawful, then each such Individual Defendant is entitled to qualified immunity, and your verdict must be for the Individual Defendant on those claims.

**SOURCES:** *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013); *Edwards v. Wallace Comm. Coll.*, 49 F.3d 1517, 1523 (11th Cir. 1995); *Scott v. Baldwin*, 720 F.3d 1034, 1036 (8th Cir. 2013). *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004); *Montanez v. Carvajal*, 2016 WL 231213, at *2 (M.D. Fla. Jan. 15, 2016); *Phillips v. Irvin*, 2006 WL 1663677, at *9 (S.D. Ala. June 14, 2006), *aff'd in part, rev'd in part*, 222 F. App'x 928 (11th Cir. 2007); *Goram v. Mims*, 2011 WL 4552191, at *6 (N.D. Fla. Sept. 2, 2011), *report and recommendation adopted*, 2011 WL 4551440 (N.D. Fla. Sept. 30, 2011).

OBJECTION: Plaintiff objects to this instruction on the basis that it fails to state the legal standard objectively, inaccurately states the legal standard, improperly characterizes Plaintiff's claim(s), and asserts defenses not raised. *Barnes v. Zaccari*, 669 F.3d 1295, 1303 (11th Cir. 2012).

{976035.1 }

**Defendants' Request No. _____**

## Plaintiff's Procedural Due Process Claim

Mr. Koeppel claims that Mr. Decker, Mr. Sarrubbo, Dr. Romano, and Dr. Shugart (the "Individual Defendants"), while acting under color of law, intentionally violated Mr. Koeppel's constitutional right of procedural due process under the Fourteenth Amendment to the Constitution of the United States.

*[***Note: Depending on Court's rulings, add affirmative defenses]*

In support, Mr. Koeppel contends that the Individual Defendants' actions deprived him of his interest in continued enrollment in Valencia College without constitutionally-adequate procedural due process.

In response, the Individual Defendants deny Mr. Koeppel's claim because he (i) received (i) adequate notice of his charges, (ii) multiple meaningful opportunities to be heard thereon and to present his defenses, and (iii) cannot show substantial prejudice resulting from an allegedly inadequate procedure given that he admitted to engaging in his charged conduct.

The standards of procedural due process are not wooden absolutes. In connection with the disciplinary suspension of a student from public college, due process requires that the student be afforded oral or written notice of the charges against him and, if he denies them, an explanation of the evidence against him and an opportunity to present his side of the story.

The very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation. The sufficiency of procedures employed in any particular situation must be judged in the light of the parties, the subject matter and the circumstances involved.

As for notice, procedural due process requires that the student at least receive a verbal or written statement of (i) the specific charges against the student, (ii) the grounds which, if sustained, would justify disciplinary sanctions, (iii) the names of the witnesses against him, and (iv) the facts asserted by each witness.

As for the opportunity to be heard, the nature of the student's disciplinary hearing may vary depending upon the facts and circumstances of each particular case. However, a full-dress judicial hearing, with the right to cross-examine witnesses, is not required because the rights of students in the academic disciplinary process are not co-extensive with the rights of defendants in a criminal trials or litigants in civil trials.

{976035.1 }

Instead, procedural due process requires at least an informal "give-and-take" between the student and a college official that would, at least, give the student the opportunity to characterize his conduct and put it in what he deems the proper context.

The due process clause does not ensure that a student's disciplinary proceeding is a totally accurate, unerring process, and should a student establish that they received inadequate procedural due process, the student must also establish substantial prejudice resulting from an inadequate procedure in order to establish a constitutional violation.

To succeed on this claim, Mr. Koeppel must prove each of the following facts by a preponderance of the evidence:

First:      That each of the Individual Defendants personally participated in his disciplinary proceeding;

Second:     That the participating Individual Defendants' acted under color of state law;

Third:      That he did not receive reasonably sufficient written or oral notice as to his disciplinary charges, which caused him substantial prejudice in his disciplinary hearing outcome;

Fourth:     That he did not receive a reasonably sufficient opportunity to present a defense to his disciplinary charges, which caused him substantial prejudice in his disciplinary hearing outcome;

Fifth:      That no reasonable college official, in the position of each participating Individual Defendant, could have taken their challenged action without intentionally violating his procedural due process rights;

Sixth:      That the Individual Defendants intentionally violated his procedural due process rights;  and

Seventh:    That the participating Individual Defendants caused actual injury to him.

For the second element, the parties have agreed that the Individual Defendants acted under color of law.

The third and fourth elements were addressed earlier in this instruction.

For the seventh element, an Individual Defendant's conduct caused Mr. Koeppel's alleged injuries if he would not have been injured without Individual

{976035.1 }

Defendant's conduct, and the injuries were a reasonably foreseeable consequence of such conduct.

If you find in Mr. Koeppel's favor for each fact that he must prove to establish his alleged substantive due process claim, you must decide the issue of his compensatory damages, which I will address in a subsequent instruction.

**SOURCES:** Pl. Third. Am. Compl. at ¶ 218; Adapted in part from Eleventh Circuit Pattern Jury Instruction 5.1, 5.8(a) and App'x B; *Univ. of Mo. v. Horowitz*, 435 U.S. 78, 85 (1978); *Goss v. Lopez*, 419 U.S. 565, 582 (1975); *Dixon v. Alabama State Bd. of Ed.*, 294 F.2d 150, 158–59 (5th Cir. 1961); *Nash v. Auburn Univ.*, 812 F.2d 655, 660 (11th Cir. 1987); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013); *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1242 (10th Cir. 2001); *Keough v. Tate Cty. Bd. of Ed.*, 748 F.2d 1077, 1083 (5th Cir. 1984); *Boster v. Philpot*, 645 F.Supp. 798, 804 (D. Kan. 1986)

OBJECTION: Plaintiff objects to this instruction on the basis that it fails to state the legal standard objectively, inaccurately states the legal standard, improperly characterizes Plaintiff's claim(s), and asserts defenses not raised. *Dixon v. Alabama State Bd. of Ed.*, 294 F.2d 150, 158–59 (5th Cir. 1961); *Goss v. Lopez*, 419 U.S. 565, 580 (1975) (quoting *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 172-73 (1951); *Furey v. Temple Univ.*, 884 F.Supp.2d 223, 258 (E.D. Pa. 2012).

**Defendants' Request No. ___**

## Plaintiff's Substantive Due Process Claim

Mr. Koeppel claims that Mr. Decker, Mr. Sarrubbo, Dr. Romano, and Dr. Shugart (the "Individual Defendants"), while acting under color of law, intentionally violated Mr. Koeppel's constitutional right of substantive due process under the Fourteenth Amendment to the Constitution of the United States.

[***Note:  Depending on Court's rulings, add affirmative defenses]

In support, Mr. Koeppel contends that the Individual Defendants' actions were lacking in any legal justification or factual basis that such actions shock the conscience, and therefore violated his substantive due process rights.

In response, the Individual Defendants deny Mr. Koeppel's claim because he has no fundamental constitutional right to uninterrupted enrollment at Valencia College, and because the personally-involved Individual Defendants exercised their professional judgment in his disciplinary proceeding and did not act arbitrarily, capriciously or with bad faith or ill will.

The question of whether Mr. Koeppel has a substantive due process right to continued enrollment at Valencia College is a question of law for the Court to decide.

To succeed on this claim, Mr. Koeppel must prove each of the following facts by a preponderance of the evidence:

First:     That each of the Individual Defendants personally participated in his disciplinary proceeding;

Second:    That the participating Individual Defendants' acted under color of state law;

Third:     That his disciplinary outcome was (1) arbitrary, (2) capricious, or (3) motivated by bad faith or ill will;

Fourth:    That his disciplinary outcome was intended to injure him in a way unjustifiable by any governmental interest, such that it "shocks the conscience";

Sixth:     That no reasonable college official, in the position of each participating Individual Defendant, could have taken their challenged action without intentionally violating his substantive due process rights; and

Seventh:    That the participating Individual Defendants' conduct caused actual injury to him.

For the first element, the parties have agreed that the Individual Defendants acted under color of law.

For the third element, an arbitrary action is one not supported by facts or logic, and a capricious action is one taken without thought, reason, or irrationally.  A state employee's interpretation of their state entity's regulations is entitled to great weight, and if a decision is justifiable under any analysis that a reasonable person would use to reach a decision of similar importance, the decision is neither arbitrary nor capricious. Furthermore, a decision is not arbitrary or capricious simply because a reasonable person might have made a different decision based on the same facts.

For the fourth element, actions intended to injure a person in some way unjustifiable by any government interest are those most likely to rise to the conscience-shocking level.

For the fifth element, an Individual Defendant's conduct caused Jeff Koeppel injuries if he would not have been injured without Individual Defendant's conduct, and the injuries were a reasonably foreseeable consequence of such conduct.

If you find in Mr. Koeppel's favor for each fact that he must prove to establish his alleged substantive due process claim, you must decide the issue of his compensatory damages, which I will address in a subsequent instruction.

**SOURCES:** Pl. Third Am. Compl. at ¶¶ 226, 227, 229; Adapted in part from Eleventh Circuit Pattern Jury Instructions 5.8(a) and App'x B (both modified); *Regents of Univ. of Michigan v. Ewing*, 474 U.S. 214, 223 (1985); *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998); *Nix v. Franklin Cty. Sch. Dist.*, 311 F.3d 1373, 1375-76 (11th Cir. 2002);  *Haberle v. Univ. of Alabama in Birmingham*, 803 F.2d 1536, 1540 (11th Cir. 1986); *Hamil v. Vertrees*, 2001 WL 135716, at *7 (M.D. Ala. Jan. 10, 2001);  *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013): *Bd. of Trs. of Internal Imp. Trust Fund v. Levy*, 656 So. 2d 1359, 1362 (Fla. 1st DCA 1995). *Dravo Basic Materials Co., Inc. v. State, Dept. of Transp.*, 602 So. 2d 632, 634 n.3 (Fla. 2d DCA 1992); *Golfcrest Nursing Home v. State, Agency for Health Care Admin.*, 662 So. 2d 1330, 1333 (Fla. 1st DCA 1995);  *F.U.S.A., FTP-NEA v. Hillsborough Cmty. Coll.*, 440 So. 2d 593, 596 (Fla. 1st DCA 1983).

OBJECTION: Plaintiff objects to this instruction on the basis that it fails to state the legal standard objectively, inaccurately states the legal standard, improperly characterizes Plaintiff's claim(s), and asserts defenses not raised. Florida Constitution, Art. IX, § 7(c); Board of Governors Regulation 1.001(4)(a)(10);

{976035.1 }

*Hamil v. Vertrees*, 2001 WL 135716, at \*8 (M.D. Ala. Jan. 10, 2001); *Barnes v. Zaccari*, 669 F.3d 1295, 1304-05 (11th Cir. 2012).

**Defendants' Request No. \_\_\_**

## <u>Plaintiff's First Amendment Claim – Facial Challenge</u>

Mr. Koeppel claims that Mr. Decker, Mr. Sarrubbo, Dr. Romano, and Dr. Shugart (the "Individual Defendants"), while acting under color of law, intentionally deprived him of his constitutional rights under the First Amendment to the Constitution of the United States, which provides that every citizen has a right to "freedom of speech."

*[\*\*\*Note: Depending on Court's rulings, add affirmative defenses and conduct code's definitions of lewd conduct, stalking and physical abuse*]

In support of his claim, Mr. Koeppel contends that the Individual Defendants violated his free speech rights by adopting an overbroad and vague definition of "sexual harassment" under Valencia College's Student Code of Conduct.

In response, the Individual Defendants deny Mr. Koeppel's claim because the Student Code of Conduct's definition of "sexual harassment" is not unconstitutionally vague because an ordinary person can understand what conduct is prohibited thereunder, and not unconstitutionally overbroad or does not forbid constitutionally protected speech.

To succeed on this claim, Mr. Koeppel must prove each of the following facts by a preponderance of the evidence:

<u>First</u>:      That the Individual Defendants acted under color of state law;

<u>Second</u>:      That each of the Individual Defendants personally made the decision to adopt the definition of "sexual harassment" under Valencia College's Student Code of Conduct;

<u>Third</u>:      That the definition of "sexual harassment" is (1) vague, or (2) overbroad;

<u>Fourth</u>:      That there are no set of circumstances exists under which the Code of Conduct provision would be valid; (2) it lacks any plainly legitimate sweep; or (3) a substantial number of its applications are unconstitutional in relation to its plainly legitimate sweep;

<u>Fifth</u>:      That the participating Individual Defendants intentionally discriminated against him;

<u>Sixth</u>:      That no reasonable college official, in the position of each participating Individual Defendant, could have taken their

{976035.1 }

challenged action without intentionally violating his free speech rights; and

Seventh:    That the participating Individual Defendants caused actual injury to him.

For the first element, the parties have agreed that the Individual Defendants acted under color of law.

For the third element, a regulation can be facially unconstitutional if it is (1) so vague that an ordinary person cannot understand what conduct is prohibited thereunder, or (2) so overbroad that forbids constitutionally protected conduct.

For the seventh element, an Individual Defendant's conduct caused Mr. Koeppel's alleged injuries if he would not have been injured without Individual Defendant's conduct, and the injuries were a reasonably foreseeable consequence of such conduct.

If you find in Mr. Koeppel's favor for each fact that he must prove to establish his alleged claim, you must decide the issue of his damages, which I will address in a subsequent instruction.

**SOURCES:** Adapted in part from Eleventh Circuit Pattern Jury Instruction 5.8(a) and App'x B; Pl. Third Am. Compl. at ¶¶ 256, 259; *Unites States v. Stevens*, 559 U.S. 460 (2010); *Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005); *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013).

OBJECTION: Plaintiff objects to this instruction on the basis that it fails to state the legal standard objectively, inaccurately states the legal standard, improperly characterizes Plaintiff's claim(s), and asserts defenses not raised. *City of Houston, Texas v. Hill*, 482 U.S. 451, 458 (1987); *Members of City Council v. Taxpayers for Vincent*, 466 U.S. 789, 800 (1984); *J.S. ex rel. Snyder v. Blue Mtn. Sch. Dist.*, 650 F.3d 915, 935 (3d Cir. 2011); *T.V. ex rel. B.V. v. Smith-Green Comm. School Corp.*, 807 F. Supp. 2d 767, 782-83 (N.D. Ind. 2011); *Dambrot v. Cent. Michigan Univ.*, 55 F.3d 1177, 1182 (6th Cir. 1995) (quoting *Members of City Council v. Taxpayers for Vincent*, 466 U.S. 789, 801 (1984); *Booher v. Bd. of Regents, N. Kentucky Univ.*, 1998 WL 35867183, at *8 (E.D. Ky. July 22, 1998); *Saxe v. State Coll. Area Sch. Dist.*, 240 F.3d 200, 209 (3d Cir. 2001); *DeJohn v. Temple Univ.*, 537 F.3d 301, 315 (3d Cir. 2008); *McCauley v. Univ. of the Virgin Islands*, 618 F.3d 232, 250-51 (3d Cir. 2010); *Doe v. Rector & Visitors of George Mason Univ.*, 149 F. Supp. 3d 602, 611, 630 (E.D. Va. 2016); *Doe v. Univ. of Michigan*, 721 F.

Supp. at 866 (E.D. Mich 1989); *City of Chicago v. Morales*, 527 U.S. 41, 53 (1999).

**Defendants' Request No. ___**

### Plaintiff's First Amendment Claim – As Applied Challenge

Mr. Koeppel claims that Mr. Decker, Mr. Sarrubbo, Dr. Romano, and Dr. Shugart (the "Individual Defendants"), while acting under color of law, intentionally deprived him of his constitutional rights under the First Amendment to the Constitution of the United States, which provides that every citizen has a right to "freedom of speech."

*[\*\*\*Note: Depending on Court's rulings, add affirmative defenses and conduct code's definitions of lewd conduct, stalking and physical abuse]*

In support of his claim, Mr. Koeppel contends that he engaged in constitutionally protected free speech in and by sending his subject text messages and pictures to Jane Roe on August 3 and 4, 2014, and the Individual Defendants violated his free speech rights by finding him responsible for engaging in "sexual harassment" as defined under Valencia College's Student Code of Conduct.

In response, the Individual Defendants deny Mr. Koeppel's claim because lewd communications are not constitutionally protected free speech, and he was correctly found responsible for engaging in "sexual harassment" by making unwelcome sexual advances towards Jane Roe and creating an intimidating, hostile, or offensive environment for her.

To succeed on this claim, Mr. Koeppel must prove each of the following facts by a preponderance of the evidence:

<u>First</u>:    That he engaged in constitutionally protected speech;

<u>Second</u>:    That his charged conduct does not meet the definition of "sexual harassment" under the Student Code of Conduct;

<u>Third</u>:    That the participating Individual Defendants' acted under color of state law;

<u>Fourth</u>:    That no reasonable college official, in the position of each participating Individual Defendant, could have taken their challenged action without intentionally violating his procedural due process rights;

<u>Fifth</u>:    That the participating Individual Defendants intentionally discriminated against him;

<u>Sixth</u>:    That the participating Individual Defendants' conduct caused actual injury to him.

{976035.1 }

For the first element of "protected speech," there are classes of speech not entitled to constitutional protection, including the lewd and obscene, the profane, the libelous, and the insulting or fighting words, which by their very utterance inflict injury or tend to incite an immediate breach of the peace. Such utterances are no essential part of any exposition of ideas, and are of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality. Resort to epithets or personal abuse is not in any proper sense communication of information or opinion safeguarded by constitutional protection.

For the third element, the parties have agreed that the Individual Defendants acted under color of law.

For the sixth element, an Individual Defendant's conduct caused Mr. Koeppel's alleged injuries if he would not have been injured without Individual Defendant's conduct, and the injuries were a reasonably foreseeable consequence of such conduct.

If you find in Mr. Koeppel's favor for each fact that he must prove to establish his alleged claim, you must decide the issue of his damages, which I will address in a subsequent instruction.

**SOURCES:** Pl. Third. Am. Compl. at 270-271; Adapted in part from Eleventh Circuit Pattern Jury Instruction 5.8(a) and App'x B; *Texas v. Johnson*, 491 U.S. 397, 403 (1989); *Beauharnais v. Illinois*, 343 U.S. 250, 255–57 (1952); *U.S. v. Williams*, 553 U.S. 285, 288 (2008); *Wright v. City of St. Petersburg, Fla.*, 833 F.3d 1291, 1295 (11th Cir. 2016); *Cady v. S. Suburban Coll.*, 310 F. Supp. 2d 997, 1000 (7th Cir. 2005); *R.A.V. v. City of St. Paul, Minn.*, 505 U.S. 377, 382–83 (1992) (*citing Chaplinsky v. New Hampshire*, 315 U.S. 568, 572 (1942)); *Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 897 n.2 (11th Cir. 2013); *Doe v. Rector & Visitors of George Mason Univ.*, 2016 WL 775776, at *17 (E.D. Va. Feb. 25, 2016); *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001); *Sypniewski v. Warren Hills Reg'l Bd. Educ.*, 307 F. 3d 243, 259 (3d Cir. 2002); *Marshall v. Ohio Univ.*, 2015 WL 1179955, at *2, 6-7 (S.D. Ohio 2015); *Vanderhurst v. Colorado Mountain Coll. Dist.*, 16 F. Supp. 2d 1297, 1305-06 (D. Colo. 1998); *Powell v. State*, 508 So. 2d 1307, 1310 (Fla. 1st DCA 1987).

OBJECTION: Plaintiff objects to this instruction on the basis that it fails to state the legal standard objectively, inaccurately states the legal standard, improperly characterizes Plaintiff's claim(s), and asserts defenses not raised. *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 509 (1969); *Saxe v. State Coll. Area Sch. Dist.*, 240 F.3d 200, 215-17 (3d Cir. 2001); *Doe v. Rector & Visitors of George Mason Univ.*, 149 F. Supp. 3d 602, 630 (E.D. Va. 2016); *Bd. of Regents of Univ. of Wisconsin Sys. v. Southworth*, 529 U.S. 217, 239 n.4 (2000); *Murakowski v. Univ. of Delaware*, 575 F. Supp. 2d 571, 590-92 (D. Del. 2008); *Morse v. Frederick*, 551 U.S. 393, 405 (2007); *City of Chicago v. Morales*, 527 U.S. 41, 53 (1999); *see also T.V. ex rel. B.V. v. Smith-Green Comm. School Corp.*, 807 F.

{976035.1 }

Supp. 2d 767 (N.D. Ind. 2011); *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 246 (2002); *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 48 (1988); *Se. Prom., Ltd. v. Conrad*, 420 U.S. 546, 566 (1975); *United States v. Landham*, 251 F.3d 1072, 1086-87 (6th Cir. 2001).

**Defendants' Request No. ___**

## Title IX Erroneous Outcome Claim

Mr. Koeppel claims that Valencia College intentionally discriminated against him based on his male gender in violation of Title IX of the Education Amendments of 1972.

Title IX provides, in relevant part, that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. The gravamen of a Title IX erroneous outcome claim is that an innocent person was wrongly found to have committed an offense because of his or her gender.

*[\*\*\*Note: Depending on Court's rulings, add affirmative defenses]*

In support, Mr. Koeppel contends that, based on his male gender, Valencia College erroneously found him responsible for violating the Student Code of Conduct's prohibitions on students engaging in (i) lewd conduct, (ii) sexual harassment, (iii) stalking and (iv) physical abuse.

In response, Valencia denies Mr. Koeppel's claim because, throughout all phases of Mr. Koeppel's disciplinary proceeding, he admitted to engaging in his charged conduct, and therefore he was correctly found responsible for committing: (i) "physical abuse" by conduct threatening Jane Roe's health and safety; (ii) "sexual harassment" by making unwelcome sexual advances towards Jane and creating an intimidating, hostile, or offensive environment; (iii) "stalking behavior" by repeatedly engaging in a willful, malicious and repeated course of conduct which reasonably and seriously tormented Jane and served no legitimate purpose; and (iv) "lewd conduct" by sending communications to Jane that are sexual in an offensive or rude way.

To succeed on his Title IX erroneous outcome claim, Mr. Koeppel must prove each of the following facts by a preponderance of the evidence:

> First:    That his disciplinary proceeding was a significantly flawed proceeding;
>
> Second:   That the flaw caused Mr. Koeppel's disciplinary proceeding to result in an erroneous outcome;
>
> Third:    That Valencia College discriminated against him because he is a male;
>
> Fourth:   That the discrimination was intentional; and

{976035.1 }

<u>Fifth</u>:        That the discrimination was a substantial or motivating factor in his disciplinary proceeding outcome.

If you find in Mr. Koeppel's favor for each fact that he must prove to establish his claim, you must decide the issue of his compensatory damages, which I will address in a later instruction.

**SOURCES:** Pl. Third Am. Compl at ¶¶ 237-240; *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994); *Prasad v. Cornell Univ.*, 2016 WL 3212079, at *13 (N.D.N.Y. Feb. 24, 2016); *Marshall v. Ohio Univ.*, 2015 WL 7254213, at *5 (S.D. Ohio 2015); *Doe v. Columbia Univ.*, 101 F. Supp. 3d 356, 370 (S.D.N.Y. 2015), *rev'd on procedural grounds*, 831 F.3d 46 (2d Cir. 2016).

OBJECTION: Plaintiff objects to this instruction on the basis that it fails to state the legal standard objectively, inaccurately states the legal standard, improperly characterizes Plaintiff's claim(s), and asserts defenses not raised. *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994); *Doe v. Columbia University*, 831 F.3d 46 (2d Cir. July 29, 2016); *Prasad v. Cornell Univ.*, 2016 WL 3212079, at *14-16 (N.D.N.Y. Feb. 24, 2016); *Accord, Doe v. Salisbury Univ.*, 123 F. Supp. 3d 748, 766 (D. Md. 2015).