# EXHIBIT 11

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEFFREY KOEPPEL,

Plaintiff,

v.                                                    Case No.: 6:15-cv-1800-Orl-40KRS

DISTRICT BOARD OF TRUSTEES OF
VALENCIA COLLEGE, FLORIDA; DR.
JOYCE ROMANO; JOSEPH
SARRUBBO JR.; THOMAS DECKER,
and DR. SANFORD SHUGART,

Defendants.

_____/

## VERDICT

We, the Jury, having been duly sworn, hereby return the following verdict:

*[\*\*\*Defense to insert affirmative defenses throughout if ordered to answer Plaintiff's Third Amended Complaint]*

## I. PROCEDURAL DUE PROCESS CLAIM

**A.    Do you find by a preponderance of the evidence:**

1. That Mr. Koeppel did not receive reasonably sufficient written or oral notice as to his disciplinary charges, which caused him substantial prejudice in his disciplinary hearing outcome?

   Answer:   Yes _____ or No _____

2. That Mr. Koeppel did not receive a reasonably sufficient opportunity to present a defense to his disciplinary charges, which caused him substantial prejudice in his disciplinary hearing outcome?

   Answer:   Yes _____ or No _____

   > *If your answer is "No" to questions 1 and 2, skip questions 3 through 15, and proceed to question 16. If your answer is "Yes" to question 1 or 2, go to question 3.*

Page 1 of 17

**B.    As to Mr. Decker, do you find by a preponderance of the evidence:**

3. That no reasonable college official, as a member of Mr. Koeppel's disciplinary committee, could have made the recommended hearing outcome to the chairperson without intentionally violating Mr. Koeppel's procedural due process rights?

     Answer:  Yes ____ or No ____.

4. That Mr. Decker intentionally violated Mr. Koeppel's procedural due process rights by recommending the hearing outcome to the chairperson of the disciplinary committee?

     Answer:  Yes ____ or No ____

          *If your answer is "No" to questions 3 or 4, skip question 5 and proceed to question 6.  If your answer is "Yes" to questions 3 and 4, go to question 5.*

5. That Mr. Decker's acts caused actual injury to Mr. Koeppel?

     Answer:  Yes ____ or No ____

          *Please proceed to question 6.*

**C.    As to Mr. Sarrubbo, do you find by a preponderance of the evidence:**

6. That no reasonable college official, as chairperson of Mr. Koeppel's disciplinary committee, could have accepted the committee's recommended hearing outcome without intentionally violating Mr. Koeppel's procedural due process rights?

     Answer:  Yes ____ or No ____

7. That Mr. Sarrubbo intentionally violated Mr. Koeppel's procedural due process rights by accepting the disciplinary committee's recommended hearing outcome?

     Answer:  Yes ____ or No ____

          *If your answer is "No" to questions 6 or 7, skip question 8 and proceed to question 9.  If your answer is "Yes" to questions 6 and 7, go to question 8.*

8. That Mr. Sarrubbo's acts caused actual injury to Mr. Koeppel?

Answer:  Yes _____ or No _____

*Please proceed to question 9.*

**D.    As to Dr. Romano, do you find by a preponderance of the evidence:**

9. That no reasonable college official, as the person determining the merits of Mr. Koeppel's appeal of his disciplinary hearing outcome, could have denied his appeal without intentionally violating his procedural due process rights?

Answer:  Yes _____ or No _____

10. That Dr. Romano intentionally violated Mr. Koeppel's procedural due process rights by denying the appeal of his disciplinary hearing outcome?

Answer:  Yes _____ or No _____

*If your answer is "No" to questions 9 or 10, skip question 11 and proceed to question 12.  If your answer is "Yes" to questions 9 and 10, go to question 11.*

11. That Dr. Romano's acts caused actual injury to Mr. Koeppel?

Answer:  Yes _____ or No _____

*Please proceed to question 12.*

**E.    As to Dr. Shugart, do you find by a preponderance of the evidence:**

12. That Dr. Shugart personally participated in Mr. Koeppel's disciplinary proceeding?

Answer:  Yes _____ or No _____

*If your answer is "No" to questions 12, skip questions 13 through 15, and proceed to question 16.  If your answer is "Yes" to question 12, go to question 13.*

13. That no reasonable college official, as the president of Valencia College, could have delegated enforcement of the Student Code of Conduct to the Vice President of Student Affairs or Dean of Students without intentionally violating Mr. Koeppel's procedural due process rights?

Answer:  Yes _____ or No _____

14. That Dr. Shugart intentionally violated Mr. Koeppel's procedural due process rights by delegating enforcement of the Student Code of Conduct to the Vice President of Student Affairs and Dean of Students?

    Answer:  Yes _____ or No _____

        *If your answer is "No" to questions 13 or 14, skip question 15 and proceed to question 16. If your answer is "Yes" to questions 13 and 14, go to question 15.*

15. That Dr. Shugart's acts caused actual injury to Mr. Koeppel?

    Answer:  Yes _____ or No _____

        *Please proceed to question 16.*

## II. SUBSTANTIVE DUE PROCESS CLAIM

[*Note: Depending on Court's rulings, may require addition of affirmative defenses*]

**A.   Do you find by a preponderance of the evidence:**

16. That Mr. Koeppel's disciplinary outcome was arbitrary?

    Answer:  Yes _____ or No _____

17. That Mr. Koeppel's disciplinary outcome was capricious?

    Answer:  Yes _____ or No _____

18. That Mr. Koeppel's disciplinary outcome was motivated by bad faith or ill will?

    Answer:  Yes _____ or No _____

19. That Mr. Koeppel's disciplinary outcome was intended to injure him in a way unjustifiable by any governmental interest, such that it "shocks the conscience"?

    Answer:  Yes _____ or No _____

        *If your answer is "No" to questions 16, 17, 18 and 19, skip questions 20 through 32, and proceed to question 33. If your answer is "Yes" to questions 16, 17, 18 or 19, go to question 20.*

**B.    As to Mr. Decker, do you find by a preponderance of the evidence:**

20. That no reasonable college official, as a member of Mr. Koeppel's disciplinary hearing committee, could have recommended his disciplinary outcome to the committee's chairperson, Mr. Sarrubbo, without intentionally violating Mr. Koeppel's substantive due process rights?

Answer:   Yes _____ or No _____

21. That Mr. Decker intentionally violated Mr. Koeppel's substantive due process rights by recommending his disciplinary outcome to Mr. Sarrubbo?

Answer:   Yes _____ or No _____

> *If your answer is "No" to questions 20 or 21, skip question 22 and proceed to question 23.  If your answer is "Yes" to questions 20 and 21, go to question 22.*

22. That Mr. Decker's acts caused actual injury to Mr. Koeppel?

Answer:   Yes _____ or No _____

> *Please proceed to question 23.*

**C.    As to Mr. Sarrubbo, do you find by a preponderance of the evidence:**

23. That no reasonable college official, as the chairperson of Mr. Koeppel's disciplinary committee, could have accepted and implemented the committee's recommended disciplinary outcome without intentionally violating Mr. Koeppel's substantive due process rights?

Answer:   Yes _____ or No _____

24. That Mr. Sarrubbo intentionally violated Mr. Koeppel's substantive due process rights by accepting and implementing the disciplinary hearing committee's recommended outcome?

Answer:   Yes _____ or No _____

> *If your answer is "No" to questions 23 or 24, skip question 25 and proceed to question 26.  If your answer is "Yes" to questions 23 and 24, go to question 25.*

25. That Mr. Sarrubbo's acts caused actual injury to Mr. Koeppel?

Answer:  Yes _____ or No _____

*Please proceed to question 26.*

**D.    As to Dr. Romano, do you find by a preponderance of the evidence:**

26. That no reasonable college official, in determining Mr. Koeppel's appeal of his disciplinary outcome, could have denied his appeal without intentionally violating his substantive due process rights?

Answer:  Yes _____ or No _____

27. That Dr. Romano intentionally violated Mr. Koeppel's substantive due process rights by denying his appeal of his disciplinary outcome?

Answer:  Yes _____ or No _____

*If your answer is "No" to questions 26 or 27, skip question 28 and proceed to question 29. If your answer is "Yes" to questions 26 and 27, go to question 28.*

28. That Dr. Romano's acts caused actual injury to Mr. Koeppel?

Answer:  Yes _____ or No _____

*Please proceed to question 29.*

**E.    As to Dr. Shugart, do you find by a preponderance of the evidence:**

29. That Dr. Shugart personally participated in Mr. Koeppel's disciplinary proceeding?

Answer:  Yes _____ or No _____

*If your answer is "No" to question 29, skip questions 30 through 32, and proceed to question 33. If you answer is "Yes" to question 29, go to question 30.*

30. That no reasonable college official, as the president of a state college, could have delegated, to the vice president of student affairs and dean of students, the enforcement of the college's conduct code without intentionally violating Mr. Koeppel's substantive due process rights?

Answer:  Yes _____ or No _____

31. That Dr. Shugart intentionally violated Mr. Koeppel's substantive due process rights by delegating enforcement of Valencia College's Student Code of Conduct to the Vice President of Student Affairs, Dr. Romano, and Dean of Students, Mr. Sarrubbo?

Answer:  Yes _____ or No _____

> *If your answer is "No" to questions 30 or 31, skip question 32 and proceed to question 33.  If your answer is "Yes" to questions 30 and 31, go to question 32.*

32. That Dr. Sanford Shugart's acts caused actual injury to Mr. Koeppel?

Answer:  Yes _____ or No _____

> *Please proceed to question 33.*

## III.  FIRST AMENDMENT CLAIM – FACIAL CHALLENGE

[*Note:  Depending on Court's rulings, may require addition of questions regarding lewd conduct, stalking and physical abuse*]

**A.    Do you find by a preponderance of the evidence:**

33. That the definition of "sexual harassment" is vague under Valencia College's Student Code of Conduct?

Answer:  Yes _____ or No _____

34. That the definition of "sexual harassment" is overbroad under Valencia College's Student Code of Conduct?

Answer:  Yes _____ or No _____

> *If your answer is "No" to questions 33 and 34, skip questions 35 through 52, and proceed to question 53.  If your answer is "Yes" to questions 33 or 34, go to question 35.*

35. That no set of circumstances exist under which the Student Code of Conduct's "sexual harassment" definition would be valid; (2) it lacks any plainly legitimate sweep; or (3) a substantial number of its applications are unconstitutional in relation to its plainly legitimate sweep?

Answer:  Yes _____ or No _____

> *If your answer is "No" to question 35,  skip questions 36 through 52,
> and proceed to question 53.  If your answer is "Yes" to question 35,
> go to question 36.*

**B.    As to Mr. Decker, do you find by a preponderance of the evidence:**

36. That Mr. Decker made the decision, on behalf of Valencia College, to adopt the definition of "sexual harassment" under Valencia College's Student Code of Conduct?

Answer:  Yes _____ or No _____

> *If your answer is "No" to question 36, skip questions 37 through 39,
> and proceed to question 40.  If you answer is "Yes" to question 36,
> go to question 37.*

37. That no reasonable college official, as a member of Mr. Koeppel's disciplinary hearing committee, could have recommended his disciplinary outcome to the committee's chairperson, Mr. Sarrubbo, without intentionally violating Mr. Koeppel's free speech rights?

Answer:  Yes _____ or No _____

38. That Mr. Decker intentionally violated Mr. Koeppel's free speech rights by recommending his disciplinary outcome to Mr. Sarrubbo?

Answer:  Yes _____ or No _____

> *If your answer is "No" to questions 37 <u>or</u> 38, skip question 39 and
> proceed to question 40.  If your answer is "Yes" to questions 37 <u>and</u>
> 38, go to question 39.*

39. That Mr. Decker's acts caused actual injury to Mr. Koeppel?

Answer:  Yes _____ or No _____

> *Please proceed to question 40.*

**C.    As to Mr. Sarrubbo, do you find by a preponderance of the evidence:**

40. That Mr. Sarrubbo made the decision, on behalf of Valencia College, to adopt the definition of "sexual harassment" under Valencia College's Student Code of Conduct?

Answer:  Yes _____ or No _____

> *If your answer is "No" to question 40, skip questions 41 through 43, and proceed to question 44.  If you answer is "Yes" to question 40, go to question 41.*

41. That no reasonable college official, as the chairperson of Mr. Koeppel's disciplinary committee, could have accepted and implemented the committee's recommended disciplinary outcome without intentionally violating Mr. Koeppel's free speech rights?

Answer:  Yes _____ or No _____

42. That Mr. Sarrubbo intentionally violated Mr. Koeppel's free speech rights by accepting and implementing the disciplinary committee's recommended hearing outcome?

Answer:  Yes _____ or No _____

> *If your answer is "No" to questions 41 <u>or</u> 42, skip question 43 and proceed to question 44.  If your answer is "Yes" to questions 41 <u>and</u> 42, go to question 43.*

43. That Mr. Sarrubbo's acts caused actual injury to Mr. Koeppel?

Answer:  Yes _____ or No _____

> *Please proceed to question 44.*

**D.    As to Dr. Romano, do you find by a preponderance of the evidence:**

44. That Dr. Romano made the decision, on behalf of Valencia College, to adopt the definition of "sexual harassment" under Valencia College's Student Code of Conduct?

Answer:  Yes _____ or No _____

> *If your answer is "No" to question 44, skip questions 45 through 47, and proceed to question 48.  If you answer is "Yes" to question 44, go to question 45.*

45. That no reasonable college official, in determining Mr. Koeppel's appeal of his disciplinary outcome, could have denied his appeal without intentionally violating his free speech rights?

Answer: Yes _____ or No _____

46. That Dr. Romano intentionally violated Mr. Koeppel's free speech rights by denying his appeal of his disciplinary outcome?

Answer: Yes _____ or No _____

> *If your answer is "No" to questions 45 or 46, skip question 47 and proceed to question 48. If your answer is "Yes" to questions 45 and 46, go to question 47.*

47. That Dr. Romano's actions caused actual injury to Mr. Koeppel?

Answer: Yes _____ or No _____

> *Please proceed to question 48.*

**E.   As to Dr. Shugart, do you find by a preponderance of the evidence:**

48. That Dr. Shugart made the decision, on behalf of Valencia College, to adopt the definition of "sexual harassment" under Valencia College's Student Code of Conduct ?

Answer: Yes _____ or No _____

> *If your answer is "No" to question 48, skip questions 49 through 52, and proceed to question 53. If you answer is "Yes" to question 48, go to question 49.*

49. That Dr. Shugart personally participated in Mr. Koeppel's disciplinary proceeding?

Answer: Yes _____ or No _____

> *If your answer is "No" to question 49, skip questions 50 through 52, and proceed to question 53. If you answer is "Yes" to question 49, go to question 50.*

50. That no reasonable college official, as the president of a state college, could have delegated, to the college's vice president of student affairs and dean of students, the enforcement of the conduct code without intentionally violating Mr. Koeppel's free speech rights?

Answer: Yes _____ or No _____

51. That Dr. Shugart intentionally violated Mr. Koeppel's free speech rights by delegating enforcement of Valencia College's Student Code of Conduct to the Vice President of Student Affairs, Dr. Romano, and Dean of Students, Mr. Sarrubbo?

Answer:  Yes _____ or No _____

*If your answer is "No" to questions 50 or 51, skip question 52 and proceed to question 53. If your answer is "Yes" to questions 50 and 51, go to question 52.*

52. That Dr. Shugart's actions caused actual injury to Mr. Koeppel?

Answer:  Yes _____ or No _____

*Please proceed to question 53.*

## IV.  FIRST AMENDMENT CLAIM – AS APPLIED CHALLENGE

[*Note:  Depending on Court's rulings, may require addition of questions regarding lewd conduct, stalking and physical abuse*]

**A.      Do you find by a preponderance of the evidence:**

53. That Mr. Koeppel was disciplined for engaging in constitutionally protected speech?

Answer:  Yes _____ or No _____

*If your answer is "No" to question 53, skip questions 54 through 67, and proceed question 68. If your answer is "Yes" to question 53, go to question 54.*

54. That the conduct he was disciplined for cannot be rationally found to meet the definition of "sexual harassment" under the Student Code of Conduct?

Answer:  Yes _____ or No _____

*If your answer is "No" to question 54, skip questions 55 through 67, and proceed question 68. If your answer is "Yes" to question 54, go to question 55.*

**B.**    **As to Mr. Decker, do you find by a preponderance of the evidence:**

55. That no reasonable college official, as a member of Mr. Koeppel's disciplinary hearing committee, could have recommended his disciplinary outcome to the committee's chairperson, Mr. Sarrubbo, without intentionally violating Mr. Koeppel's free speech rights?

Answer:  Yes _____ or No _____

56. That Mr. Decker intentionally violated Mr. Koeppel's free speech rights by recommending his disciplinary outcome to Mr. Sarrubbo?

Answer:  Yes _____ or No _____

*If your answer is "No" to questions 55 or 56, skip question 57 and proceed to question 58.  If your answer is "Yes" to questions 55 and 56, go to question 57.*

57. That Mr. Decker's acts caused actual injury to Mr. Koeppel?

Answer:  Yes _____ or No _____

*Please proceed to question 58.*

**C.**    **As to Mr. Sarrubbo, do you find by a preponderance of the evidence:**

58. That no reasonable college official, as the chairperson of Mr. Koeppel's disciplinary committee, could have accepted and implementing the committee's recommended disciplinary outcome without intentionally violating Mr. Koeppel's free speech rights?

Answer:  Yes _____ or No _____

59. That Mr. Sarrubbo intentionally violated Mr. Koeppel's free speech rights by accepting and implementing the disciplinary committee's recommended hearing outcome?

Answer:  Yes _____ or No _____

*If your answer is "No" to questions 58 or 59, skip question 60 and proceed to question 61.  If your answer is "Yes" to questions 58 and 59, go to question 60.*

60. That Mr. Sarrubbo's acts caused actual injury to Mr. Koeppel?

Answer:  Yes _____ or No _____

*Please proceed to question 61.*

**D.    As to Dr. Romano, do you find by a preponderance of the evidence:**

61. That no reasonable college official, in determining Mr. Koeppel's appeal of his disciplinary outcome, could have denied his appeal without intentionally violating his free speech rights?

>   Answer:  Yes _____ or No _____

62. That Dr. Romano intentionally violated Mr. Koeppel's free speech rights by denying his appeal of his disciplinary outcome?

>   Answer:  Yes _____ or No _____

>   *If your answer is "No" to questions 61 or 62, skip question 63 and proceed to question 64.  If your answer is "Yes" to questions 61 and 62, go to question 63.*

63. That Dr. Romano's acts caused actual injury to Mr. Koeppel?

>   Answer:  Yes _____ or No _____

>   *Please proceed to question 64.*

**E.    As to Dr. Shugart, do you find by a preponderance of the evidence:**

64. That Dr. Shugart personally participated in Mr. Koeppel's disciplinary proceeding?

>   Answer:  Yes _____ or No _____

>   *If your answer is "No" to question 64, skip questions 65 through 67, and proceed to question 68.*

65. That no reasonable college official, as the president of a state college, could have delegated, to the vice president of student affairs and dean of students, the enforcement of the college's conduct code without intentionally violating Mr. Koeppel's free speech rights?

>   Answer:  Yes _____ or No _____

66. That Dr. Shugart intentionally violated Mr. Koeppel's free speech rights by delegating enforcement of Valencia College's Student Code of Conduct to the Vice President of Student Affairs, Dr. Romano, and Dean of Students, Mr. Sarrubbo?

Answer:  Yes _____ or No _____

*If your answer is "No" to questions 65 or 66, skip question 67 and proceed to question 68.  If your answer is "Yes" to questions 65 and 66, go to question 67.*

67. That Dr. Shugart's acts caused actual injury to Mr. Koeppel?

Answer:  Yes _____ or No _____

*Please proceed to question 68.*

## V.  TITLE IX ERRONEOUS OUTCOME CLAIM

**A.      Do you find by a preponderance of the evidence:**

68. That Mr. Koeppel's disciplinary proceeding was significantly flawed?

Answer:  Yes _____ or No _____

69. That the flaw caused Mr. Koeppel's disciplinary proceeding to result in an erroneous outcome?

Answer:  Yes _____ or No _____

70. That Valencia College intentionally discriminated against Mr. Koeppel because he is male?

Answer:  Yes _____ or No _____

71. That the discrimination was a substantial or motivating factor in Mr. Koeppel's disciplinary outcome?

Answer:  Yes _____ or No _____

*If your answer is "No" to questions 68, 69, 70 or 71, skip question 72 and proceed to question 73.  If your answer is "Yes" to questions 68, 69, 70 and 71, go to question 72.*

72. That Valencia College's acts caused actual injury to Mr. Koeppel?

Answer:  Yes _____ or No _____

*Please proceed to question 73.*

## VI.  DAMAGES

73. **As to Mr. Decker**:  did you answer "Yes" to questions 5, 22, 39 or 57 above?

Answer:  Yes _____ or No _____

*If you answered "No" to question 73, skip questions 74 and 75, and proceed to question 76.  If you answered "Yes" to question 73, go to question 74.*

74. What amount of compensatory damages, if any, do you award Mr. Koeppel against Mr. Decker?  (If none, please state so).

$ _____

*If you answered "None" to question 74, skip question 75 and proceed to question 76.  If you awarded a monetary amount under question 74, go to question 75.*

75. What amount of punitive damages, if any, do you assess against Mr. Decker? (If none, please state so).

$ _____

*Please proceed to question 76.*

76. **As to Mr. Sarrubbo**:  did you answer "Yes" to questions 8, 25, 43 or 60 above?

Answer:  Yes _____ or No _____

*If you answered "No" to question 76, skip questions 77 and 78, and proceed to question 79.  If you answered "Yes" to question 76, go to question 77.*

77. What amount of compensatory damages, if any, do you award Mr. Koeppel against Mr. Sarrubbo?  (If none, please state so).

$ _____

*If you answered "None" to question 77, skip question 78 and proceed to question 79. If you awarded a monetary amount under question 77, go to question 78.*

78. What amount of punitive damages, if any, do you assess against Mr. Sarrubbo? (If none, please state so).

$ _____

*Please proceed to question 79.*

79. **As to Dr. Romano:** did you respond "Yes" to questions 11, 28, 47 or 63 above?

Answer:  Yes _____ or No _____

*If you answered "No" to question 79, skip questions 80 and 81, and proceed to question 82. If you answered "Yes" to question 79, go to question 80.*

80. What amount of compensatory damages, if any, do you award Mr. Koeppel against Dr. Romano?  (If none, please state so).

$ _____

*If you answered "None" to question 80, skip question 81 and proceed to question 82. If you awarded a monetary amount under question 80, please go to question 81.*

81. What amount of punitive damages, if any, do you assess against Dr. Romano? (If none, please state so).

$ _____

*Please proceed to question 82.*

82. **As to Dr. Shugart:** did you respond "Yes" to questions 15, 32, 52 or 67 above?

Answer:  Yes _____ or No _____

*If you answered "No" to question 82, skip questions 83 and 84, and proceed to question 85. If you answered "Yes" to question 82, go to question 83.*

83. What amount of compensatory damages, if any, do you award Mr. Koeppel against Dr. Shugart?  (If none, please state so).

$ _____

> *If you answered "None" to question 83, skip question 84, and proceed to question 85.  If you awarded a monetary amount under question 83, go to question 84.*

84. What amount of punitive damages, if any, do you assess against Dr. Shugart? (If none, please state so).

$ _____

> *Please proceed to question 85.*

85. **As to Valencia College:** did you respond "Yes" to question 72 above?

Answer:  Yes _____ or No _____

> *If you answered "No" to question 85, skip question 86, and this ends your deliberations and your foreperson should sign and date the this verdict form.  If you answered "Yes" to question 85, please go to question 86.*

86. What amount of compensatory damages, if any, do you award Mr. Koeppel against Valencia College?  (If none, please state so).

$ _____

*This ends your deliberations and your foreperson should sign and date the end of this verdict form.*

**SO SAY WE ALL.**

_____      _____
Foreperson's Signature                              Date

Page 17 of 17